**The Honorable Judge Christopher M. Alston**
**Chapter 11**
Hearing Date: July 16, 2020
Hearing Time: 9:30 AM
Hearing Location: *Telephonic*
Response Date: July 9, 2020

Arnold M. Willig
Elizabeth H. Shea
Charles L. Butler, III
HACKER & WILLIG, INC., P.S.
520 Pike Street, Suite 2500
Seattle, WA 98101
Phone: (206) 340-1935
Fax: (206) 340-1936

Attorneys for Secured Creditor BRMK Lending, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| In re:<br><br>V. S. INVESTMENT ASSOC., LLC,<br><br>Debtor. | **No. 20-11541-CMA**<br><br>**BRMK LENDING, LLC'S MOTION TO DISMISS BANKRUPTCY OR FOR RELIEF FROM STAY AND ABANDONMENT TO PROCEED WITH RECEIVERSHIP** |

## I. INTRODUCTION & RELIEF REQUESTED

Secured creditor, BRMK Lending, LLC, successor by merger to PBRELF I, LLC ("BRMK"), by and through its attorneys, HACKER & WILLIG, INC., P.S., hereby respectfully moves this Court for an order to dismiss this case, or for relief from stay to allow the pending receivership case to proceed in King County Superior Court, Case No. 20-2-01927-5 SEA (the "Receivership Case" or the "Receivership Estate"), which includes as property of the Receivership Estate certain real property owned by the Debtor, V. S. Investment Assoc., LLC ("V. S. Investment" or the "Debtor"). The Receivership Case has been pending since February 5, 2020,

**BRMK LENDING, LLC'S MOTION TO DISMISS BANKRUPTCY OR FOR RELIEF FROM STAY AND ABANDONMENT - 1**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA    Doc 25    Filed 06/22/20    Ent. 06/22/20 16:44:10    Pg. 1 of 14

and the court-appointed general receiver, Elliott Bay Asset Solutions, LLC (the "Receiver"), has incurred significant resources in administering the Receivership Estate. The bankruptcy case should be dismissed, and the Receivership Case should proceed. Alternately, the elements of relief from stay under 11 U.S.C. § 362(d) and for abandonment under 11 U.S.C. § 554(b) are met in this matter, so relief from stay and abandonment should be granted.

## II.  EVIDENCE RELIED UPON

This Motion is supported by the concurrently filed Declarations of Stephanie Jenkins, an Asset Manager for BRMK (the "Jenkins Decl."), and Stuart Heath, the principal of the Receiver ("Heath Decl."). This Motion is also supported by the records and pleadings on file herein.

## III.  HOLDER WITH RIGHT OF ENFORCEMENT

BRMK originated the loan referenced herein, and is the present holder of the original promissory note and all other loan documents described below, including the two deeds of trust against the real properties located at 2467 South College Street, Seattle, Washington 98144 (the "College Street Property") and 4415 Priest Point Drive Northwest, Marysville, Washington 98271 (the "Priest Point Property)[1] (collectively the "Properties"). The loan was originally made by PBRELF I, LLC, which has merged with BRMK, and thus BRMK has acquired all right, title, and interest in and to the loan. Jenkins Decl., ¶¶ 3-5.

## IV.  FACTUAL BACKGROUND

**A.     The Indebtedness Owed to BRMK.**

On April 18, 2016, V. S. Investment received a loan from PBRELF I, LLC (now BRMK) in the original principal amount of $1,880,000.00 (the "Loan"). The loan was evidenced by a promissory note of the same date (the "Note") and other loan documents. The Note originally matured on February 1, 2017 (the "Maturity Date"). A true and correct copy of the Note, with required redactions for financial privacy, is attached to the Jenkins Decl. as **Exhibit A**, and is

---

[1] The Priest Point Property is owned by a separate entity, V. S. Developing, LLC, and thus is not property of the bankruptcy estate.

**BRMK LENDING, LLC'S MOTION TO DISMISS BANKRUPTCY OR FOR RELIEF FROM STAY AND ABANDONMENT - 2**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA    Doc 25    Filed 06/22/20    Ent. 06/22/20 16:44:10    Pg. 2 of 14

incorporated herein by reference. The Note was amended and extended on several occasions to increase the balance and to extend the maturity.

To secure the Loan obligations, V. S. Investment executed and delivered to BRMK two Deeds of Trust, which granted BRMK, as beneficiary, a security interest in and lien against the Properties. True and correct copies of the two Deeds of Trust, with required redactions for financial privacy, are attached to the Jenkins Decl. as **Exhibit B & C**.

The first Deed of Trust was properly recorded in the real property records of King County, Washington on April 21, 2016, under Recording No. 20160421001467, and granted BRMK a security interest in the College Street Property. *See*, Deed of Trust, **Exhibit B**, Jenkins Decl. The full legal description of the College Street Property is as follows:

> Lots 1 and 2, Block "B", CITY GARDEN, according to the plat thereof recorded in Volume 10 of Plats, page 14, records of King County, Washington;
>
> EXCEPT the Westerly 20 feet of Lots 1 and 2 (measured along the North line of Lot 1 and the South line of Lot 2);
>
> AND EXCEPT the South 10 feet of Lot 2, (measured along the East line of said Lot 2).
>
> SITUATE in the County of King, State of Washington.
>
> PHYSICAL ADDRESS: 2463, 2465, 2467, and 2469 South College Street, Seattle, WA 98144
>
> ASSESSOR'S TAX PARCEL NO.: 159460-0090-08

*See*, Deed of Trust, **Exhibit B**, Jenkins Decl.

The Second Deed of Trust was properly recorded in the real property records of Snohomish County, Washington on April 21, 2016, under Recording No. 201604210406 and granted BRMK a security interest in the Priest Point Property. *See*, Deed of Trust, **Exhibit C**, Jenkins Decl.

**B. The Debtor's Loan is in Default**.

**BRMK LENDING, LLC'S MOTION TO DISMISS BANKRUPTCY OR FOR RELIEF FROM STAY AND ABANDONMENT - 3**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA   Doc 25   Filed 06/22/20   Ent. 06/22/20 16:44:10   Pg. 3 of 14

V. S. Investment defaulted on the Loan by failing pay the loan balance in full by the Maturity Date. As of June 19, 2020, BRMK is owed not less than **$4,287,350.29** on the Loan, which includes the principal balance, accrued interest to date, certain lender costs, late fees, loan extension fees, and other loan expenses. Interest continues to accrue on the Note at the default rate of 24% *per annum*, which equates to $2,035.11 *per diem*, along with BRMK's attorneys' fees, costs of collection, and other expenses. Jenkins Decl., ¶ 6.

By January 2019, the College Street Property construction was largely complete, and V. S. Investment had entered into purchase and sale agreements for each of the four units with a combined total sale price of $2,845,000. Heath Decl., ¶ 4, **Exhibits B-E**. Sometime after entering into these agreements, the principals of V. S. Investment apparently ceased working on the projects, leaving construction incomplete, and the sales were not closed prior to the appointment of the Receiver. Jenkins Decl., ¶ 8.

### C. Appointment of the Receiver.

The Deeds of Trust specifically provide that BRMK has the right to appoint a receiver in the event of default as to the terms in the Loan Documents. As such, pursuant thereto, BRMK sought appointment of a general receiver and filed a petition for appointment of same on January 22, 2020, in King County Superior Court Case No. 20-2-01927-5 SEA (the "Receivership Case"). An Order appointing Elliott Bay Asset Solutions, LLC ("Elliott Bay" or the "Receiver") as general receiver was entered in the Receivership Case on February 6, 2020. A true and correct copy of the Appointment Order is attached to the Heath Decl. as **Exhibit A**.

The Receiver immediately took possession of the College Street Property and the existing purchase and sale agreements were rescinded; construction was not 100% complete and the Receiver was not in a position to complete construction. The Receiver then listed the College Street Property for sale. Heath Decl., ¶ 5. On or about February 28, 2020, the Receiver entered into a Commercial & Investment Real Estate Purchase & Sale Agreement (the "PSA") with Alpine Homes NW, LLC ("Alpine Homes") to sell both Properties for $3,400,000. While the total sales

**BRMK LENDING, LLC'S MOTION TO DISMISS BANKRUPTCY OR FOR RELIEF FROM STAY AND ABANDONMENT - 4**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA   Doc 25   Filed 06/22/20   Ent. 06/22/20 16:44:10   Pg. 4 of 14

price was not allocated between the Properties, it was generally understood that the College Street Property accounted for $2,850,000 of the sale price and the Priest Point Property accounted for $550,000.00. After the proposed sale had been approved by the Court (with no objections having been filed, Alpine Homes defaulted on its obligations under the PSA. Elliott Bay filed a complaint for breach of contract on May 21, 2020 to enforce the PSA and to attempt to collect the earnest money. Heath Decl., ¶ 6.

The Receiver was then able to enter into a new Purchase and Sale Agreement for both College Street Property "as is, where is" for $2,850,000.00 with Ahmet and Stephanie Gurbuz. On May 29, 2020, the Receiver filed a motion to approve this second sale agreement. Heath Decl., ¶ 7.

D. **The Debtor's Bankruptcy Filing**.

V. S. Investment filed this Chapter 11 bankruptcy case on May 29, 2020. It is clear from a review of the Debtor's list of top unsecured creditors and the schedules and statements that there is no equity in the Property and that this bankruptcy was a tactic to thwart or delay the Receivership Case.

The Bankruptcy Petition [Dkt. #1] lists BRMK with a claim of $3,722,105.46 (this understates the claim significantly as it is based upon the amount owing as of November 19, 2019 and so excludes the interest, fees and costs which accrued after that time), and claims it is secured by the College Street Property, which has a collective value of $3,273,000.00. Thus, BRMK is listed as having an unsecured claim of $449,105.46. The Petition also list multiple other creditors with alleged claims against the College Street Property, including Paul Greben, with a claim of $598,500.00 (listed as fully unsecured) and Ecocline Exe. & Utilities LLC, with a claim of $137,205.00 against the College Street Property, also listed as fully unsecured.

V. S. Investment modifies these valuations somewhat when filing its Schedules and Statements [Dkt. #17]. Here, the Debtor claims that the College Street Property is worth $3,800,000. [Dkt. #17 at Schedule A/B part 9]. It still lists Ecocline Exc. & Utilities with a claim

**BRMK LENDING, LLC'S MOTION TO DISMISS BANKRUPTCY OR FOR RELIEF FROM STAY AND ABANDONMENT - 5**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA    Doc 25    Filed 06/22/20    Ent. 06/22/20 16:44:10    Pg. 5 of 14

of $137,205.00 and Paul Greben with a claim of $598,500.00 [Dkt. #17 at Schedule D].

While the valuation listed for the College Street Property on the Petition versus Schedule A does not match, under either scenario there is no equity in the College Street Property.

Further, V. S. Investment has mismanaged its affairs and there is likely to be a substantial and continuing loss to the estate and no reasonable likelihood of a confirmed plan of reorganization.

Inexplicably, and with the view of preserving some appearance of liquidity, the Debtor has listed "work in progress" on a real estate development to be built at 319 75th St., Everett WA 98203 (the "Everett Property") as worth $4,050,000.00. [Dkt. #17 at Schedule A/B part 5]. The value is based on the estimated value of ten townhomes once they are completed. No construction has been commenced. The Debtor has no funds on hand to begin construction and admits that it is "in process of acquiring permits and financing." Meanwhile, the current value of the Everett Property is $457,800.00. [Dkt. #17 at Schedule A/B part 9]. The Everett Property is currently encumbered by a claim of Cyan Funding LLC in the amount of $925,000 and Sandler Architects, LLC in an unknown amount. [Dkt. #17 at Schedule D].

After filing its schedules and statements, the Debtor filed an ex parte motion for authorization to file monthly financial reports for non-operating corporation or partnership [Dkt. #22]. In its motion, the Debtor admitted that: "Debtor is not engaged in any active business operations." See, Dkt. #22.

The Debtor was unsuccessful in completing a four unit project in Seattle at any profit, but its bankruptcy schedules and statements claim a $4,050,000 asset for "work in progress" based upon a ten unit project that is so far unpermitted, unfinanced, and already subject to liens that are more than double the existing value of the Everett Property.

E. **The Receiver Should Proceed with the Receivership/Litigation**.

This case should be dismissed. Alternatively, the stay in order should be lifted to allow Elliot Bay to proceed with the Receivership Case so it can sell the Properties and proceed with

**BRMK LENDING, LLC'S MOTION TO DISMISS BANKRUPTCY OR FOR RELIEF FROM STAY AND ABANDONMENT - 6**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA    Doc 25    Filed 06/22/20    Ent. 06/22/20 16:44:10    Pg. 6 of 14

litigation against Alpine Homes in order to enforce the PSA.

## V.  LEGAL AUTHORITY & ARGUMENT

This bankruptcy case should be dismissed or relief from stay granted as to the Properties. At a minimum, relief from stay should be granted as to the College Street Property, so that the Receiver may proceed with the pending sale, and as to the Alpine Homes Lawsuit.

**A.     This Case Should Be Dismissed**.

11 U.S.C. § 1112(b) provides that a case may be dismissed or converted as follows:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 [11 U.S.C. §§ 701, *et seq*.] or dismiss a case under this chapter [11 U.S.C. §§ 1101, *et seq*.], whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) [11 U.S.C. § 1104(a)] of a trustee or an examiner is in the best interests of creditors and the estate.
> \*\*\*
> (4) For purposes of this subsection, the term "cause" includes—
> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> \*\*\*
> (M) inability to effectuate substantial consumption of a confirmed plan.

11 U.S.C. § 1112(b) (West 2020 ed.).

Here, it is judicially and economically efficient to allow the Receiver to continue with its duties in Superior Court in administering the Receivership Case.  The issues here are straight-forward: this bankruptcy case was filed in order to thwart the pending sale of the Properties by the Receiver, though the Priest Point Property is not owned by the Debtor; as an insider, it is all but guaranteed that the Debtor will not pursue the claim against Alpine Homes; the Debtor has walked away from its loan obligations to BRMK and its construction of the College Street townhomes; as the Debtor is clearly insolvent and has limited if any funds available to carry on with construction, it is extremely unlikely that the Debtor will be able to finish construction; the

**BRMK LENDING, LLC'S MOTION TO DISMISS
BANKRUPTCY OR FOR RELIEF FROM
STAY AND ABANDONMENT - 7**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA    Doc 25    Filed 06/22/20    Ent. 06/22/20 16:44:10    Pg. 7 of 14

Debtor has refused access to the Priest Point Property while it is being marketed for sale; and the Debtor has mismanaged the Properties in recent years. The Receivership Case was very far along when the Debtor suddenly filed this Chapter 11 case. There do not appear to be any avoidance actions possible here or other assets that would benefit the bankruptcy estate. There is absolutely no equity in the College Street Property. V. S. Investment does not have the financial resources or expertise to confirm a viable plan or administer a Chapter 11. Accordingly, either abstention or dismissal of this case is warranted.

The principals of the Debtor walked away from an incomplete construction project at the College Street Property after they had already entered into purchase and sale agreements. They allowed liens to be placed against the College Street Property far in excess of its value. The passage of time does not bode well for the value of unfinished real estate in the current market.

The Debtor values the real property assets at $4,257,800.00, and they list existing secured claims of $5,382,810.46. The secured claims exceed the value of the current assets by over $1,000,000.00. The Debtor has no cash on hand and no cash equivalents. Somehow, the Debtor appears to expect to generate over $4,000,000.00 from a real estate project located in Everett, Washington, that has not been started, has not been permitted, and has no apparent funding; the Debtor claims this purported development project is "work in progress." Schedules and Statements, Dkt. #17, pg. 4. The possibility of confirming a plan and actually reorganizing under these circumstances is zero.

When the Receiver was appointed, its first task was to void the "sales" by the Debtor to third parties that required the Debtor to fund and complete numerous punch list items. Once that process was over, the Receiver began to market the Properties for sale, and found a buyer who was willing to take the College Street Property as is/where is, and the buyer – not the Debtor or the Receiver – would complete the construction. Though the sale to Alpine Homes fell through, the Debtor did not object to the Receiver's appointment when application was made, and did not object to either the sale of the Properties to Alpine Homes for a total sale price of $3,352,000.00,

**BRMK LENDING, LLC'S MOTION TO DISMISS BANKRUPTCY OR FOR RELIEF FROM STAY AND ABANDONMENT - 8**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA    Doc 25    Filed 06/22/20    Ent. 06/22/20 16:44:10    Pg. 8 of 14

or to the later sale of the College Street Property to Ahmet and Stephanie Gurbuz for $2,850,000.00. The Debtor never objected to either proposed sale price. It is only after the Receiver has managed to enter into a new purchase and sale agreement that the Debtor has finally stood up to file a bankruptcy. The only assets in this estate are fully secured, so there is no hope of a successful plan of reorganization.

### 1. The Bankruptcy Should be Dismissed as a Bad Faith Filing.

The Debtor filed this bankruptcy just after the Receiver had filed a motion to allow a sale of the College Street Property,[2] and the Debtor took this step solely to stop the sale even though the Receiver's sale price was commensurate with the price to which the Debtor had previously agreed for the College Street Property.

Courts have overwhelmingly held that a lack of good faith in filing a Chapter 11 petition establishes cause for dismissal. *See*, *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994); *citing*, *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986); *In re Stolrow's, Inc.*, 84 B.R. 167, 170 (9th Cir. BAP 1994); *In re N.R. Guaranteed Retirement, Inc.*, 112 B.R. 263, 270 (Bankr.N.D.Ill.), aff'd, 119 B.R. 149 (N.D.Ill. 1990). Thus, courts have determined that the "good faith" requirement is inherent in the statute. *See*, *In re Meyers Way Development Limited Partnership*, 116 B.R. 239, 241 (Bankr.W.D.Wa 1990); *see also*, *In re Maggaro*, 84 B.R. 803 (Bankr.M.D.Fla. 1988).

Although there is no *per se* test for determining when a debtor's Chapter 11 petition has not been filed in good faith, a number of cases have articulated lists of factors which provide a relevant guide in identifying such "bad faith" filings. In *In re Phoenix Piccadilly Ltd.*, 849 F.2d 1393 (11th Cir. 1988), the Eleventh Circuit observed:

> There is no particular test for determining whether a debtor has filed a petition in bad faith. Instead, the courts may consider any factors which evidence "an intent to abuse the judicial process and the purposes of the reorganization provisions" or, in particular, factors which evidence that the petition was filed "to delay or frustrate

---

[2] The Receiver's first motion to sell the Properties fell through when the Debtor's insider, Alpine Homes, breached the purchase and sale contract. Litigation is pending in Superior Court.

**BRMK LENDING, LLC'S MOTION TO DISMISS BANKRUPTCY OR FOR RELIEF FROM STAY AND ABANDONMENT - 9**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

the legitimate efforts of secured creditors to enforce their rights." *In re Albany Partners, Ltd.*, [749 F.2d 670, 674 (11th Cir. 1984)].

The bankruptcy court's finding of bad faith is well supported by the record. The court held that many of the circumstantial factors which have been identified by the courts as evidencing a bad faith filing are present in this case:

> (i) The Debtor has only one asset, the Property, in which it does not hold legal title;
>
> (ii) The Debtor has few unsecured creditors whose claims are small in relation to the claims of the Secured Creditors;
>
> (iii) The Debtor has few employees;
>
> (iv) The Property is the subject of a foreclosure action as a result of arrearages on the debt;
>
> (v) The Debtor's financial problems involve essentially a dispute between the Debtor and the Secured Creditors which can be resolved in the pending State Court Action; and
>
> (vi) The timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights.

*Piccadilly, Ltd.*, 849 F.2d 1393, 1394-1395; *see*, *Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1073 (5th Cir. 1986); *In re Natural Land Corp.*, 825 F.2d at 298; *In re Heritage Wood'n Lakes Estates, Inc.*, 73 B.R. 511, 514 (Bankr.M.D.Fla.1987); *In re Sar-Manco, Inc.*, 70 B.R. 132, 141 (Bankr.M.D.Fla.1986); *In re McCormick Rd. Assocs.*, 127 B.R. 410, 413 (N.D. Ill. 1991).

These and other factors have been following in the Ninth Circuit. *See*, *St. Paul Self Storage Ltd. P'ship v. Port Auth. (In re St. Paul Self Storage Ltd. P'ship)*, 185 B.R. 580 (9th Cir. BAP 1995); *In re Stolrow's, Inc.*, 84 B.R. 167, 171 (9th Cir. BAP 1988). Generally speaking, when factors such as these indicate that a debtor is unreasonably deterring or harassing creditors rather than

**BRMK LENDING, LLC'S MOTION TO DISMISS BANKRUPTCY OR FOR RELIEF FROM STAY AND ABANDONMENT - 10**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA    Doc 25    Filed 06/22/20    Ent. 06/22/20 16:44:10    Pg. 10 of 14

attempting a speedy and feasible reorganization, the court may conclude that the petition has been filed in bad faith and dismiss it. *St. Paul*, 185 B.R. at 582-83 (some citations omitted). Again, good faith is determined by a review of all existing factors, rather than the existence of any specific fact. *See*, *In re Del Rio Development, Inc.*, 35 B.R. 127 (9th Cir. BAP 1983); *see also*, *Marsch*, 36 F.3d at 828, *citing*, *In re Arnold*, 806 F.2d 937, 939 (9th Cir. 1986). In examining whether a bankruptcy is filed in good faith, the subjective intent of the debtor is not determinative, rather, courts will dismiss cases which were filed for a variety of tactical reasons unrelated to reorganization. *Id.*

For example, the *Marsch* case was dismissed for bad faith, and sanctions were imposed upon the debtor, when the court determined that the bankruptcy was filed solely to delay collection of a judgment and to avoid posting an appeal bond. *Marsch*, 36 F.3d at 829. Western District of Washington Bankruptcy Courts have mirrored this decision, holding that a debtor may not use a Chapter 11 filing as a litigation tactic. *See*, *e.g.*, *In re Karum Group, Inc.*, 66 B.R. 436, 438 (Bankr.W.D.Wa 1986). Therefore, generally, a case has been filed in bad faith if it does not satisfy the reorganization purposes for which Chapter 11 was designed. *In re Meyers Way*, 116 B.R. at 241. The reorganization process of Chapter 11 was designed to protect the creditors and junior lienholders of the debtor from premature foreclosure as well as to prevent economically wasteful liquidation of valuable entities. Where a petition is filed to subvert the legitimate rights of creditors in the absence of any reasonable expectations that the debtor can successfully reorganize, there is no basis for access to Chapter 11 and the protective machinery of the automatic stay. *In re Thirtieth Place, Inc.*, 30 BR 503, 506 (9th Cir. BAP 1983).

Here, the facts meet every factor set forth above: the Debtor has only one asset; the Debtor has few unsecured creditors; the Debtor has no apparent employees; the Properties are all in the Receivership Case due entirely to the Debtor's loan defaults to BRMK; the Debtor's financial problems relate almost exclusively to the dispute between the Debtor and BRMK, which can and should be resolved in the pending Receivership Case; and the timing of the

**BRMK LENDING, LLC'S MOTION TO DISMISS BANKRUPTCY OR FOR RELIEF FROM STAY AND ABANDONMENT - 11**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA    Doc 25    Filed 06/22/20    Ent. 06/22/20 16:44:10    Pg. 11 of 14

Debtor's filing evidences an intent to delay or frustrate BRMK's legitimate efforts to enforce its rights against the Debtor and the real property collateral.

Given the foregoing, this case should be dismissed at this time.

### B. Relief from Stay Should Be Granted with Respect to the College Street Property and the Alpine Homes Litigation.

Relief from stay is warranted because the College Street Property has no equity and is not necessary for a reorganization. 11 U.S.C. § 362(d) provides in pertinent part as follows:

> On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) **for cause**, including the **lack of adequate protection** of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor **does not have equity** in such property; and
> (B) such property is not necessary to an effective reorganization[.]

*See*, 11 U.S.C. § 362(d) (West 2020 ed.) (emphasis added).

#### 1. "Cause" Under 11 U.S.C. § 362(d)(1) Exists to Grant Relief From Stay.

Under 11 U.S.C. § 362 (d)(1), on request of a party in interest, the Court shall terminate, annul, modify, or condition the stay for cause, including lack of adequate protection. Adequate protection is lacking where there is an insufficient equity cushion to protect a secured creditor's interests in its collateral. *See*, *In re Mellor*, 734 F.2d 1396, 1401 (9th Cir. 1984). An equity cushion is the amount of value in property which secures a creditor's claim, above the amount of the indebtedness owed, that will shield the creditor's interest from loss due to any decrease in property value during the time the automatic stay remains in effect. *Id.* at 1400. In determining the amount of value in property, the likely costs of sale or liquidation must be considered. *In re Faires*, 34 Bankr. 549, 550 (Bankr. W.D. Wash. 1983).

A Bankruptcy Court determines whether "cause" exists to lift an automatic stay on a case

**BRMK LENDING, LLC'S MOTION TO DISMISS BANKRUPTCY OR FOR RELIEF FROM STAY AND ABANDONMENT - 12**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA    Doc 25    Filed 06/22/20    Ent. 06/22/20 16:44:10    Pg. 12 of 14

by case basis. *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986); *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990); *In re National Environmental Waste Corp.*, 129 F.3d 1052, 1055 (9th Cir. 1997). Where cause exists, a bankruptcy court must lift a stay. 11 U.S.C. § 362(d).

Here, "cause," as referred to in 11 U.S.C. § 362(d)(1), exists to mandate relief from stay. There is zero equity cushion as to the College Street Property and the Debtor has demonstrated no prospects as to its ability to complete construction. The Debtor's plans for the College Street Property appear to be similar for its plans for the Everett development, which the Debtor schedules as "work in progress." Dkt. #17, Schedules and Statements, pg. 4. The Debtor asserts that that project, if and when completed, will consist of 10 townhomes with an estimated value of $450,000.00 each, though the Debtor has no source of funding to initiate, let alone complete, that project. Therefore, cause exists to grant relief from stay in order to allow BRMK to continue with the Receivership Case.

**2. There is No Equity in the Property Under 11 U.S.C. § 362(d)(2).**

BRMK has a secured claim of **$4,287,350.29**. Even at its most optimistic, the Debtor lists the value of the College Street Property at $3,800,000.00, and admits that there are more than $600,000.00 in claims junior to that of BRMK. It is thus undisputed that no equity exists in the College Street Property.

BRMK further requests a waiver of the 14-day stay provided for under Fed.R.Bankr.P. 4001(a)(3). Litigation in the Receivership Case has been stayed as a result of the bankruptcy, which is delaying final adjudication and BRMK's ability to seek recovery. Further, Alpine Homes' answer deadline has passed in the Superior Court, and BRMK would request to move for default at the earliest available opportunity. There is no benefit to the Debtor or the Estate to the stay and the Receivership Case should be allowed to proceed without further delay.

**C. The Properties Should be Abandoned Pursuant to 11 U.S.C. § 554.**

11 U.S.C. § 554(b) allows the Court to order collateral abandoned if it is burdensome or of inconsequential value and/or benefit to the estate. *See*, 11 U.S.C. § 554(b) (West 2016 ed.); *Vu v.*

**BRMK LENDING, LLC'S MOTION TO DISMISS BANKRUPTCY OR FOR RELIEF FROM STAY AND ABANDONMENT - 13**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA    Doc 25    Filed 06/22/20    Ent. 06/22/20 16:44:10    Pg. 13 of 14

*Kendall (In re Vu)*, 245 B.R. 644, 647 (B.A.P. 9th Cir. Cal. 2000); *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.)*, 816 F.2d 238, 245 (6th Cir. 1987). "The only issue before the court in an application for abandonment is whether there is a reason that the estate's interest in the property should be preserved or, instead, whether the property is so worthless or burdensome to the estate that it should be removed therefrom." *In re K.C. Mach. & Tool Co.*, 816 F.2d at 246.

Here, as outlined fully above, the Properties are completely encumbered by the Deeds of Trust and other liens, and thus are worthless to this estate. Therefore, there is no reason to keep property of no value within the bankruptcy estate. Accordingly, the Properties should be abandoned.

## VI. CONCLUSION & PROPOSED ORDER

Based on the foregoing, BRMK respectfully requests that the Court enter an Order Dismissing the bankruptcy outright. In the alternative, an Order should be entered granting relief from stay as to the College Street Property and allowing BRMK to proceed with the Receivership Case. A proposed Order is attached hereto as **Exhibit A**.

DATED this 22nd day of June, 2020.

Respectfully submitted,

HACKER & WILLIG, INC., P.S.

*/s/ Arnold M. Willig*
Arnold M. Willig, WSBA #20104
Elizabeth H. Shea, WSBA #27189
Charles L. Butler, III, WSBA #36893
Attorneys for Petitioner
BRMK Lending, LLC

**BRMK LENDING, LLC'S MOTION TO DISMISS BANKRUPTCY OR FOR RELIEF FROM STAY AND ABANDONMENT - 14**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA    Doc 25    Filed 06/22/20    Ent. 06/22/20 16:44:10    Pg. 14 of 14