EXHIBIT A

FILED

2020 FEB -6 AM 12: 35

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

EXP01

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| BRMK Lending, LLC, a Delaware limited liability company,<br><br>Petitioner,<br><br>v.<br><br>V S INVESTMENT ASSOC., LLC, a Washington limited liability company,<br><br>Respondent. | No. 20-2-01927-5 SEA<br><br>ORDER APPOINTING GENERAL RECEIVER<br><br>*CLERK'S ACTION REQUIRED*<br><br>[PROPOSED] |

THIS MATTER came before the Court on the Petition (the "Petition") of BRMK Lending, LLC, successor by merger to PBRELF I, LLC ("BRMK" or "Petitioner"), by and through counsel, HACKER & WILLIG, INC., P.S., and borrowers V S Investment Assoc., LLC ("V S Investment" or "Respondent"), for entry of an Order Appointing General Receiver (the "Order") to take charge over the business operations, assets and real property located at 2467 South College Street, Seattle, Washington 98144, King County Parcel No: 159460-0090-08 (the "College Street Property"), and 4415 Priest Point Drive Northwest, Marysville, Washington 98271, Snohomish County Parcel Number 005482-000-024-06 (the "Priest Point Property").

The Court has considered the files and records in this case, including the Petition and the declarations of Stephanie Jenkins and Stuart Heath in support thereof, and the records and files herein, and finds that notice of this Petition was adequate and proper for the circumstances of this

ORDER APPOINTING GENERAL RECEIVER - 1

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101-32255
Telephone (206) 340-1935

1  case. Now, therefore, it is HEREBY ORDERED:

2      1.    **Appointment.** The appointment of a receiver is reasonable and necessary and other remedies are either not available or are inadequate. Elliott Bay Asset Solutions, LLC ("Elliott Bay" or, the "Receiver") has no conflict of interest in this action and is competent and qualified to act as a general receiver. Elliott Bay is hereby appointed as general receiver with power of sale over the College Street Property and the Priest Point Property described above, together with all rights, title, and interests in and to all present and future: buildings, improvements, and tenements related to the College Street Property and the Priest Point Property and all easements benefiting the College Street Property and the Priest Point Property; all leases and rental agreements related to the College Street Property and the Priest Point Property; all rent, revenue, income, issues, profits, proceeds, insurance proceeds, and other benefits derived from the College Street Property and the Priest Point Property; security deposits, pre-paid rents, other deposits, storage fees, and parking fees related to or arising from the College Street Property and the Priest Point Property; all personal property located on the College Street Property and the Priest Point Property or belonging to the Respondent; all machinery, furniture, fixtures and equipment located on the College Street Property and the Priest Point Property or belonging to the Respondent; plans, drawings, specifications, reports, studies, bonds, deposits, declarant rights, applications, permits, development rights, and licenses related to the College Street Property and the Priest Point Property; all listing agreements, purchase and sale agreements, earnest money deposits, and sale proceeds related to the College Street Property and the Priest Point Property; and all bank accounts which derive from or relate to the College Street Property and the Priest Point Property shall collectively and individually be included in the receivership estate (the "Receivership Estate").

    2.    **Legal Representation.** Stuart Heath, principal of Elliott Bay, is an attorney at law and a member of the Washington State Bar Association. The Receiver may act as its own attorney in accordance with RCW 7.60.180(3). Neither Stuart Heath nor Elliott Bay shall be deemed to

ORDER APPOINTING GENERAL RECEIVER - 2

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101-32255
Telephone (206) 340-1935

1 have provided legal services or legal advice to any other party, entity or person by virtue of Elliot Bay's services as Receiver.

3. **Bond and Oath.** The appointment of the Receiver is effective as of the date of this Order, subject to the Receiver furnishing a bond in the sum of $5,000 within ten (10) days of the appointment. The cost of the bond will be reimbursed to the Receiver from the Receivership Estate. Entry of this Order, countersigned by an authorized representative of the Receiver, evidences the Receiver's acceptance of its rights and duties hereunder and constitutes administration of any required oath of office.

4. **Powers and Duties.** The Receiver shall have exclusive possession and control over the Receivership Estate with the power and authority to preserve, manage, protect, market, sell and liquidate the College Street Property and the Priest Point Property. The Receiver shall maintain, secure, and manage the Receivership Estate, review the books and records with respect to the Receivership Estate, investigate and report on the operations and financial affairs of the Receivership Estate, and take other actions as may be deemed appropriate by the Receiver. The Receiver shall have all other powers and rights of a general receiver appointed under Washington law, including, without limitation, all of those powers and rights as set forth in RCW 7.60.060, and the following rights, powers and duties:

   a. **Liquidation of Receivership Estate.** The Receiver shall have all authority to market, sell and liquidate the Receivership Estate whether or not such liquidation will generate proceeds sufficient to pay in full the amounts owed to creditors. The Receiver is authorized to engage real estate brokers to market and sell the College Street Property and the Priest Point Property. Stuart Heath is a principal of the Receiver and is also a licensed real estate broker. In accordance with RCW 7.60.150, the Receiver, on order of the Court, following notice and a hearing, and on the conditions or terms that the Court considers just and proper, may abandon any Receivership Estate property that is burdensome to the Receiver or is of inconsequential value or benefit. At the Receiver's discretion, it may seek Court authority for approval of sales in

ORDER APPOINTING GENERAL RECEIVER - 3

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101-32255
Telephone (206) 340-1935

1  bulk, or in accordance with price lists and may seek to invoke sale(s) free and clear of liens,
2  encumbrances, and all rights of redemption, whether or not the sale(s) will generate proceeds
3  sufficient to fully satisfy all claims secured by the Receivership Estate as provided in RCW
4  7.60.260. Any such motion to approve a sale or disposition of Receivership Estate property shall
5  be made on ten days' notice inclusive of mailing.

6        b.    **Collection of Rents and Profits.** The Receiver shall have the power to
7  take all steps reasonably necessary to collect rents and profits, if any, from the Receivership Estate
8  and shall deposit said sums, if any, into a segregated account ("Bank Account") at a federally-
9  insured bank with branches in the State of Washington. The Receiver shall have the power to
10 present for payment any checks, money orders, and other forms of payment made payable to
11 Respondent or similar names, which constitute or are derived from the rents and profits of the
12 Receivership Estate only, endorse the same and collect the proceeds thereof, such proceeds to be
13 used and maintained as elsewhere provided herein. The Receiver shall have the sole and exclusive
14 authority to disburse funds from the Bank Account. The Receiver shall have authority to take
15 possession of bank and other rental deposit accounts of Respondent related to the Receivership
16 Estate, so that all such accounts are in the name of the Receiver. Respondent and any members
17 or managers of an entity managing the Receivership Estate shall cooperate with the Receiver and
18 execute any documents required to affect the transfer of the Respondent's respective accounts
19 regarding the Receivership Estate to the Receiver.

20       c.    **Possession of Receivership Estate.** The Receiver may take and keep
21 possession of the Receivership Estate during the pendency of the above-captioned action;
22 provided, however, that the Receiver shall have no duty to investigate the design, construction or
23 condition of any of the improvements now or hereafter constructed on the College Street
24 Property or the Priest Point Property (collectively, the "Improvements"). Nonetheless, Receiver
25 may investigate or inspect the Improvements without incurring liability for any design,
26 construction, state of repair or other defect relating to those Improvements, or for any damage to

ORDER APPOINTING GENERAL RECEIVER - 4

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101-32255
Telephone (206) 340-1935

1 the Improvements, whether now known or later discovered. Receiver may, without incurring any personal liability, rely upon and utilize, including following any recommendations set forth therein, any existing or future inspection or consultant reports, plans and specifications and other documentation related to the Improvements and the College Street Property or the Priest Point Property. Receiver may, without incurring any personal liability, engage contractors and vendors for completion of the Improvements. Receiver shall have no liability for any statement, error or omission contained in, or omitted from, any such existing or future inspection or consultant reports and other documentation.

        d.     **Management of Receivership Estate.** The Receiver shall manage and operate the Receivership Estate in a manner consistent with this Order. The Receiver shall have the power and authority to enforce, renew, and terminate leases and rental agreements relating to the Receivership Estate, including but not limited to leases containing federal and/or state subsidized rental payments. The Receiver shall manage, operate and maintain the Receivership Estate subject to such roles and conditions as the Receiver may establish to ensure that rents and profits are profitably preserved and to reasonably ensure that the value of the Receivership Estate is not diminished. The Receiver shall make the following operating decisions regarding the Receivership Estate, including, without limitation:

        (i)     Whether to manage the Receivership Estate itself or appoint an outside property manager for the Receivership Estate to conduct operations as directed by the Receiver;

        (ii)    Completing construction, obtaining certificates of occupancy, and otherwise preparing the Properties for sale at fair market value of a completed, finished residential property;

        (iii)   Providing ordinary maintenance and repair services for the Receivership Estate and extraordinary maintenance or repair services where required by emergency conditions;

ORDER APPOINTING GENERAL RECEIVER - 5

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101-32255
Telephone (206) 340-1935

    (iv) Continuing or discontinuing, in the Receiver's reasonable discretion and business judgment, any contracts presently existing relating to the Receivership Estate;

    (v) Entering into, modifying or terminating any contracts affecting any part or all of the Receivership Estate including, without limitation, all lease agreements affecting the Receivership Estate;

    (vi) Procuring goods and services for the Receivership Estate, including legal services where necessary;

    (vii) Consult with, or subpoena records of, existing employees of Respondent or related parties regarding any business operations related to the Property;

    (viii) Collecting rents for the benefit of lienholders;

    (ix) Engaging counsel for the Receiver, as the Receiver deems appropriate, and the reasonable fees and expenses of its counsel shall be included and paid as expenses of the receivership;

    (x) Engaging accountants, appraisers, auctioneers, or other professionals, as the Receiver deems appropriate, the reasonable fees and expenses of whom shall be included and paid as expenses of the receivership.

  e. **Insurance Claims.** The Receiver shall have the right to obtain access to all insurance records of V S Investment, including all records relating to any claims made by V S Investment and any payments received, and to analyze, pursue, litigate, negotiate and/or settle any rights to insurance claims, payments or proceeds.

  f. **Payment of Expenses; Budget.** The Receiver shall pay the operating expenses (*i.e.*, costs associated with the operation and/or preservation of the Receivership Estate including, without limitation, repair and maintenance, taxes, insurance, and compensation payable to the Receiver or its professionals in accordance with this Order) of the Receivership Estate from the income generated by the Receivership Estate, and to the extent the Receivership Estate's income is inadequate to pay the operating expenses, from Receivership Advances made in

ORDER APPOINTING GENERAL RECEIVER - 6

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101-32255
Telephone (206) 340-1935

1  accordance with Section 5.o. below. The Receiver shall similarly pay all amounts necessary to maintain adequate property insurance and liability insurance on the Receivership Estate. Payment of operating expenses, the Receiver's fees as set forth in Section 6.c. below, payroll, payroll taxes, employee benefits, property management company fees, as applicable, utilities, insurance, taxes, landscaping, janitorial services, and maintenance shall not require prior approval of the Court. Within fourteen (14) days of the entry of this Order, the Receiver shall prepare an operating budget for the Receivership (the "Budget") and submit it to BRMK for approval, which must include all anticipated fees, expenses, and disbursements of the Receivership Estate. The Receiver may not exceed any line item in an approved Budget by more than ten percent (10%) without the written consent of BRMK.

g. **No Obligation to Complete Tax Returns or Other Regulatory or Government Filings.** The Receiver is authorized to perform legal, accounting, consulting, and tax services with respect to the College Street Property and the Priest Point Property, as necessitated by this proceeding or by law in connection with the performance of the Receiver's duties. Notwithstanding any other provision hereof, the Receiver shall be under no obligation to complete or file tax returns on behalf of Respondent for income or other taxes. The Receiver shall furnish Respondent with such access to books and records within the Receiver's custody or control as reasonably may be necessary in order for Respondent to complete and file tax returns on their own behalf.

h. **Court Actions.** The Receiver may bring and prosecute actions to recover any part of the Receivership Estate that is in the possession of any third party.

i. **No Appraisal Required.** The Receiver is excused from seeking an independent professional appraisal of the Receivership Estate.

j. **No Obligation to Make Advances.** No obligation incurred by the Receiver in the good faith performance of its duties in accordance with the orders of this Court, whether pursuant to any contract, by reason of any tort, or otherwise, shall be the Receiver's

ORDER APPOINTING GENERAL RECEIVER - 7

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101-32255
Telephone (206) 340-1935

obligation or the personal obligation of its principals or agents. Rather, the recourse of any person or entity to whom the Receiver becomes obligated in connection with the performance of its duties and responsibilities shall be solely against the assets of the Receivership Estate. The Receiver shall have no obligation to advance its own funds to pay any costs and expenses of the Receivership Estate. Except as expressly set forth in this Order, BRMK shall have no obligation to advance funds to pay any costs and expenses of the Receivership Estate.

   **k. No Obligation or Liability for Hazardous Materials.** Unless otherwise ordered by the Court, the Receiver is not obligated to undertake, and will have no liability for any remediation or cleanup with respect to hazardous materials presently existing under, on or about the College Street Property or the Priest Point Property. The Receiver is authorized, in its sole discretion, to initiate environmental due diligence requested by BRMK. The Receiver shall have no liability for any environmental due diligence, inspections, or other environmental monitoring it initiates, and shall have no liability for any hazardous materials presently existing under, on or about the College Street Property or the Priest Point Property.

   **l. Standard of Care.** The Receiver's liability shall be limited to its bond, and shall be limited to the standards set forth in RCW 7.60.170.

   **m. Limitations on Duties and Obligations.** The Receiver shall have no duties or obligations except for duties and obligations specifically identified in this Order. Pursuant to RCW 7.60.060(3), for good cause shown, the Receiver is excused from any duties or obligations imposed on receivers by RCW 7.60.005 *et seq.* except for duties and obligations expressly set forth in this Order.

   **n. Licenses and Permits.** The Receiver may acquire or renew all governmental licenses, permits, or other authorizations, either in the Receiver's name or in the name of the Respondent, or either of them, pertaining to the Receivership Estate or any business associated with the College Street Property or the Priest Point Property and to do all other things necessary or appropriate to maintain and protect the Receivership Estate.

**ORDER APPOINTING GENERAL RECEIVER - 8**

o.  **Receivership Advances.** The Receiver is authorized to request advances from BRMK in such amounts as may be necessary to satisfy the costs and expenses of the receivership, including, without limitation, the costs and expenses associated with completing any construction (each, a "Receivership Advance"), *provided, however*, that subject to the terms of Sections 5.e and 6.c. hereof, any Receivership Advances may be made in BRMK's sole discretion. Each Receivership Advance will be treated as the lender's expenditures made under the terms of the Deeds of Trust between BRMK and the Respondent and the loan documents executed in connection therewith, and shall be secured by the same collateral, and to the same extent, as prior advances made thereunder. Except as provided below, any such Receivership Advances will be secured by a first-priority lien on the Receivership Estate in favor of BRMK, which shall be binding, perfected, and enforceable without the necessity for any or further action by BRMK. Notwithstanding the foregoing, the lien described in this section will be subordinate to any lien in favor of the Receiver as allowed by law.

6.  **Administration.** The Receiver is authorized to employ the following procedures:

a.  **Bank Accounts.** The Receiver may establish the Bank Account described above. The Account is for Elliott Bay Asset Solutions, LLC's appointment as a receiver; it is not a lawyer's trust account. The Receivership Bank Account may be opened using the Respondent's Federal Employer Identification Number and the parties are hereby directed to provide such information to the Receiver.

b.  **Financial Reports.** No later than the twenty-fifth (25th) day of each calendar month (or, if the twenty-fifth (25th) day of the month falls on a weekend or holiday, the next court day thereafter), the Receiver shall provide the Court, the parties, and counsel to the parties, with a report on its activities and the condition of the Receivership Estate during the preceding calendar month, including a complete accounting of the rents and profits collected and the disbursements made during the preceding calendar month in the form of (a) a balance sheet and (b) a statement of income and expenses. This requirement replaces the reporting

ORDER APPOINTING GENERAL RECEIVER - 9

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101-32255
Telephone (206) 340-1935

requirements of RCW 7.60.100.

    c.    **Receiver's Fee.** The Receiver will receive compensation as follows:

        (i)    For professional services:
- a. For services Elliott Bay Asset Solutions renders as Receiver, at the receivership rate of $250.00 per hour.
- b. Associates time is billed at a rate of $150.00 per hour.
- c. Project Coordinator time is billed at a rate of $100.00 per hour.
- d. For administrative services related to the receivership, $75.00 per hour.
- e. Elliott Bay Asset Solutions will also require reimbursement for costs and expenses customarily invoiced by professional firms for out-of-pocket expenses.
- f. Upon further order, upon application and notice, Elliott Bay Asset Solutions may also be compensated in the form of sales commissions, leasing commissions or participation in commissions with affiliates of Elliott Bay Asset Solutions or other brokerage firms.

        (ii)    All such reasonable and necessary services of any additional attorneys or paralegals shall be paid at the reasonable and regular hourly rates customary for the work undertaken on behalf of the Receiver.

The Receiver is authorized to obtain reimbursement for its fees and costs, and for the fees and costs of its professionals and outside general counsel, by filing and serving a notice of intent to compensate professionals, together with a reasonably detailed description of the time periods, services, and amount requested on parties in interest as provided in Section 6.b. above. If no party in interest objects to such accounting within ten (10) calendar days of the latter of the filing date or the service date, the fees and costs shall be deemed approved as being fully and finally earned without further order or leave of the Court. The approved fees and costs of the Receiver and its professionals and outside general counsel shall be paid from the gross receipts derived from the Receivership Estate and shall be a first-priority lien on the Receivership Estate. If the assets are not sufficient to pay the Receiver's fees as presented, BRMK, may, in its sole discretion, advance funds to the Receiver sufficient to pay such approved fees and costs or any

**ORDER APPOINTING GENERAL RECEIVER - 10**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101-32255
Telephone (206) 340-1935

portion thereof. Any such advance will be considered a Receivership Advance.

    d. **Notice.** In addition to any special notice provisions contained herein, the Receiver shall provide notice of all pleadings filed by the Receiver herein to the parties hereto, or to their counsel, if applicable, and to any party filing a notice of appearance. The Receiver may file requests for special notice on behalf of any party. Notwithstanding any provision of this order requiring court approval of any act of the Receiver, the Receiver may undertake any action except any sale of the real property of the Receivership Estate without prior court approval if it obtains the written consent of BRMK, Respondent, and each person who has filed and served on the Receiver a notice of appearance.

    e. **Further Instructions.** The Receiver may at any time apply to this Court for further or other instructions or for modification of this Order or for further powers necessary to enable the Receiver to properly perform its duties, or for termination of the Receiver's appointment.

    f. **Respondent's Cooperation.** Upon entry of this Order, except as may be authorized by the Receiver, Respondent and each of its employees, agents, affiliates and transferees, are enjoined from transferring any of the College Street Property or the Priest Point Property, and from taking any other actions that may affect title to the College Street Property or the Priest Point Property or any portion thereof, and from submitting or continuing to process any permits, approvals and land use entitlements applicable to the College Street Property or the Priest Point Property or any portion thereof, and from transferring any funds, writing any checks, or clearing any outstanding checks, with the exception of payment of ordinary course payroll and related benefits expenses and the clearing of checks written prior to the entry of this Order for ordinary business expenses. Respondent shall also:

      (i) Assist and cooperate fully with the Receiver in administration of the Receivership Estate and the discharge of the Receiver's duties, and comply with all orders of the Court;

**ORDER APPOINTING GENERAL RECEIVER - 11**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101-32255
Telephone (206) 340-1935

(ii) Supply to the Receiver information necessary to enable the Receiver to complete any schedules that the Receiver may be required to file, and otherwise assist the Receiver in the completion of the schedules;

(iii) Submit to examination by the Receiver, or by any other person upon order of the Court, under oath, concerning the acts, conduct, property, liabilities and financial condition of persons affecting, or any matter relating to, the Receivership Estate or the Receiver's administration of the Receivership Estate;

(iv) Instruct all contractors, property managers, agents, tenants, or others now or hereafter in possession of any portion of the Receivership Estate to make all rent and profits payments to the Receiver or the Receiver's designee until further order of this Court; and

(v) Refrain from advertising the Receivership Estate for sale or providing tours of the Receivership Estate to prospective purchasers without the Receiver's consent.

7. **Other Parties' Obligations.** Respondent, or any entity managing the College Street Property or the Priest Point Property, and its respective officers, directors, agents, representatives and employees, contractors, subcontractors, including without limitation the property management firm retained by the Respondent, if any, and its employees, and all persons with actual or constructive knowledge of this Order and their agents and employees, except BRMK, shall, if requested by the Receiver, turn over to the Receiver:

a. The possession of the Receivership Estate, including all keys to all locks on all real property, and the records, books of account, ledgers and all business records for the Receivership Estate, including, without limitation, the plans, specifications and drawings relating to or pertaining to any part or all of the College Street Property or the Priest Point Property, any permits, approvals, authorizations, land use entitlements and related documents and materials for or applicable to all or any part of the College Street Property or the Priest Point Property, payroll records, personnel files, operating statements, and all other records, documents, insurance policies and instruments of whatever kind and nature which relate to the operation and control of any part

ORDER APPOINTING GENERAL RECEIVER - 12

of the Receivership Estate, wherever located and in whatever mode maintained;

  b. All documents that constitute or pertain to licenses, permits or governmental approvals relating to the Receivership Estate;

  c. All documents that constitute or pertain to insurance policies, whether currently in effect or lapsed, that relate to the Receivership Estate;

  d. All leases and subleases, royalty agreements, licenses, assignments or other agreements of any kind, whether currently in effect or lapsed, that relate to the Receivership Estate;

  e. All documents pertaining to past, present or future construction of any type with respect to all or part of the Receivership Estate;

  f. All documents pertaining to toxic chemicals or hazardous materials, if any, ever bought, used and/or remaining upon the Receivership Estate, including, without limitation, all reports, surveys, inspections, checklists, proposals, orders, citations, fines, warnings and notices; and

  g. All rents and profits derived from the Receivership Estate, including, without limitation, any security deposits, advances, prepaid rents, storage fees and parking fees, wherever and in whatever mode maintained.

  8. **Tenants and Other Third Parties.** All tenants, renters, or occupants of the the College Street Property or the Priest Point Property shall pay rent and any and all other charges or fees owed as a result of use of the College Street Property or the Priest Point Property of the Receivership Estate to the Receiver. If any tenant, renter or occupant fails to pay the Receiver any amounts owing, that person or entity shall be subject to eviction or any other remedy available to the Receiver.

  All financial institutions, banks, credit unions, credit card processors, insurance agents or underwriters, utility providers, vendors, suppliers, tradesmen, materialmen, service providers, franchisors, taxing agencies, and all government agencies and departments are hereby ordered to

**ORDER APPOINTING GENERAL RECEIVER - 13**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101-32255
Telephone (206) 340-1935

take direction from the Receiver as it relates to the College Street Property or the Priest Point Property and/or accounts of the Respondent and to surrender any and all funds held on deposit or apply said funds as directed by the Receiver.

  **9. Utilities.** Any utility company providing services to the Receivership Estate including gas, electricity, water, sewer, trash collection, telephone, communications or similar services, shall be prohibited from discontinuing service to the Receivership Estate based upon unpaid bills incurred by the Respondent. Further, such utilities shall transfer any deposits held by the utility to the exclusive control of such Receiver and be prohibited from demanding that the Receiver deposit additional funds in advance to maintain or secure such services.

  **10. Stay Against Actions or Proceedings.** The entry of this Order appointing a General receiver with respect to the College Street Property or the Priest Point Property shall operate as a stay, applicable to all persons except BRMK and its employees, attorneys or other authorized agents, of:

   a. The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the College Street Property or the Priest Point Property over which the Receiver is appointed that was or could have been commenced before the entry of the order of appointment;

   b. The enforcement, against the College Street Property or the Priest Point Property over which the Receiver is appointed or any Receivership Estate property, of a judgment obtained before the order of appointment;

   c. Any act to obtain possession of the College Street Property or the Priest Point Property from the Receiver, or to interfere with, or exercise control over, the Receivership Estate;

   d. Any act to create, perfect, or enforce any lien or claim against the Receivership Estate except by exercise of a right of setoff, to the extent that the lien secures a claim against the College Street Property or the Priest Point Property that arose before the entry

ORDER APPOINTING GENERAL RECEIVER - 14

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101-32255
Telephone (206) 340-1935

of the order of appointment; or

  e. Any act to collect, assess, or recover a claim against the College Street Property or the Priest Point Property that arose before the entry of the order of appointment. The stay shall remain in effect until the earlier of (1) the termination of the receivership, or (2) entry of an order terminating the stay upon the motion of any party in interest.

 **11.** **Mail.** The Receiver may issue demand upon the U.S. Postal Service to grant exclusive possession and control of mail and instrumentalities thereof, including postal boxes, as may have been used for the College Street Property or the Priest Point Property and may direct that certain mail related to the Receivership Estate and its business be re-directed to the Receiver.

 **12.** **Insurance.** The Receiver shall determine upon taking possession of the Receivership Estate whether, in the Receiver's judgment, there is sufficient insurance coverage. With respect to any insurance coverage in existence or obtained, the Receiver, BRMK, and the property management company, if any, may be named as an additional insured on the policies for the period of the Receivership. If sufficient insurance coverage does not exist, the Receiver shall immediately notify BRMK and shall have twenty-eight (28) calendar days to procure sufficient property and liability insurance on the Receivership Estate. The Receiver shall not be responsible for claims arising from the lack of procurement or inability to obtain insurance.

 **13.** **Use of Funds.** The Receiver shall pay only those bills that in the Receiver's judgment are reasonable and necessary for the operation of the protection of the Receivership Estate and shall allocate funds in the following order of priority: (1) the costs and expense of the Receivership Estate including utilities, insurance premiums, general and special taxes or assessments levied on the real property and improvements thereon; and (2) amounts due to BRMK. By no later than the twenty-fifth (25th) day of each calendar month, the Receiver shall pay to BRMK all funds in excess of the sum of the costs and expenses of the Receivership Estate after holdback of a reasonable reserve to cover projected expenses.

**ORDER APPOINTING GENERAL RECEIVER - 15**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101-32255
Telephone (206) 340-1935

1  SO ORDERED this ___6___ day of ___Feb___, 2020.

_____
Brad Moore
~~Pro Tem~~
KING COUNTY SUPERIOR COURT
~~JUDGE/~~COMMISSIONER

7  Presented by:

8  HACKER & WILLIG, INC., P.S.

_____
Arnold M. Willig, WSBA #20104
Elizabeth H. Shea, WSBA #27189
Charles L. Butler, III, WSBA #36893
Attorneys for Petitioner, BRMK Lending, LLC

15 **RECEIVER:**
ELLIOTT BAY ASSET SOLUTIONS, LLC

_____
Stuart Heath, Principal

**ORDER APPOINTING GENERAL RECEIVER - 16**

## Exhibit A

**College Street Property**
Lots 1 and 2, Block "B", CITY GARDEN, according to the plat thereof recorded in Volume 10 of Plats, page 14, records of King County, Washington;

EXCEPT the Westerly 20 feet of Lots 1 and 2 (measured along the North line of Lot 1 and the South line of Lot 2);

AND EXCEPT the South 10 feet of Lot 2, (measured along the East line of said Lot 2).

SITUATE in the County of King, State of Washington.

**Priest Point Drive Property**

LOT 1, BOUNDARY LINE ADJUSTMENT, RECORDED ON JANUARY 14, 1997 UNDER RECORDING NO. 9701140119, BEING A PORTION OF LOT 24, PLAT OF PRIEST POINT PARK NO. 2, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 10 OF PLATS, PAGE 80, RECORDS OF SNOHOMISH COUNTY, WASHINGTON.

SITUATE IN THE COUNTY OF SNOHOMISH, STATE OF WASHINGTON

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101-32255
Telephone (206) 340-1935