# EXHIBIT F

Complaint – Exhibits Omitted

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ELLIOTT BAY ASSET SOLUTIONS, LLC, a Washington limited liability company, as Court-Appointed General Receiver for V. S. INVESTMENT ASSOC., LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALPINE HOMES NW, LLC, a Washington limited liability company,<br><br>Defendant. | No. 20-2-09147-2 SEA<br><br>COMPLAINT FOR:<br><br>1) BREACH OF CONTRACT, MONEY JUDGMENT, MONIES DUE; AND<br>2) ATTORNEYS' FEES AND COSTS |

Plaintiff, Elliott Bay Asset Solutions, LLC, a Washington limited liability company, as Court-Appointed General Receiver for V. S. Investment Assoc., LLC ("Plaintiff" or "Elliott Bay"), hereby complains, states, avers, and alleges as follows:

## I. JURISDICTION & VENUE

1.1  This Court has original jurisdiction over this matter under RCW 2.08.010 because the case involves a loan for money in excess of $300.00.

1.2  Venue and jurisdiction are also proper in this Court as this action involves a purchase and sale agreement regarding real property located in King County, Washington (RCW 4.12.010).

///

COMPLAINT - 1

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

## II. PARTIES

2.1 Plaintiff Elliott Bay is a limited liability company duly organized under the laws of the State of Washington and is licensed to, and does, business in King County. Plaintiff Elliott Bay is acting as General Receiver for V. S. Investment Assoc., LLC ("V. S. Investment") pursuant to an Order Appointing General Receiver in the following action pending in this Court: *BRMK Lending, LLC v. V. S. Investment Assoc., LLC*, King County Superior Court Case No. 20-2-01927-5 SEA (the "Receivership Case").

2.2 Defendant Alpine Homes NW, LLC ("Alpine Homes" or "Defendant"), is also a Washington limited liability company. Defendant Alpine Homes and Plaintiff Elliott Bay executed a Commercial & Investment Real Estate Purchase & Sale Agreement, dated February 28, 2020 (the "PSA"), which PSA concerns real property located in King County, Washington.

## III. ALLEGATIONS & AVERMENTS

3.1 **PSA**. On or about February 28, 2020, Defendant entered into the PSA with Plaintiff Elliott Bay, with Defendant as Buyer and Plaintiff as Seller. By way of the PSA, Defendant agreed to buy, and Plaintiff agreed to sell, on the terms stated in the PSA, the real property and all improvements thereon commonly known as 2463, 2465, 2467, and 2469 South College Street, Seattle, Washington 98144, and 4415 Priest Point Drive Northwest, Marysville, Washington 98271 (collectively, the "Property"). A true and correct copy of the PSA is attached hereto as **Exhibit A**.

3.2 Once the parties were under contract by way of the PSA for the purchase and sale of the Property, the PSA was duly noticed to all creditors of V. S. Investment and thereafter was approved by this Court in the Receivership Case by and through a signed and entered Order Authorizing Sale of Real Property dated March 23, 2020. [Receivership Case, Dkt. # 36.]

3.3 Once the PSA was approved by the Court, it was incumbent upon the parties to close the purchase and sale transaction, and indeed they were required to do so by the PSA, an enforceable contract.

**COMPLAINT - 2**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA    Doc 27-6    Filed 06/22/20    Ent. 06/22/20 17:13:44    Pg. 3 of 7

3.4 **Earnest Money**. Regarding the Defendant's requirement to pay earnest money to Plaintiff (the "Earnest Money"), the PSA provided as follows:

> 2. **EARNEST MONEY.** The earnest money in the amount of $167,000.00 shall be in the form of ☑ Cash ☐ Personal check ☐ Promissory note (attached CBA Form EMN) ☐ Other: _____
> The earnest money shall be held by ☐ Selling Firm ☐ Closing Agent. Selling Broker may, however, transfer the earnest money to Closing Agent.
> Buyer shall deliver the earnest money no later than:
>
> ☑ 1 days after Mutual Acceptance.

Exhibit A, pg. 1, ¶ 2.

3.5 The PSA further provided as follows:

> IT IS AGREED BETWEEN THE SELLER AND BUYER AS FOLLOWS:
> Sale includes the townhome project located at 2463, 2465, 2467, 2469 South College Street, Seattle Washington 98144 and the single family property located at 4415 Priest Point Drive, Marysville, Washington 98271.
>
> Sale is "As-Is, Where Is."
>
> THE SALE IS SUBJECT TO COURT APPROVAL IN THE RECEIVERSHIP CASE OF V.S. INVESTMENT ASSOC INC, KING COUNTY SUPERIOR COURT CASE NO # 20-2-01927-5.
>
> Buyer waives all contingencies.
>
> Earnest Money is non-refundable.
>
> Closing date is within five (5) days after court approval but no later than March 31, 2020.
>
> Upon closing, Seller agrees to release all interest in College Street properties as well as the real property at 4415 Priest Point Drive, Marysville, Washington 98271.

Exhibit A, pg. 14.

3.6 The PSA further provided as follows:

> 7. Buyer's earnest money shall be deposited with and held by WFG National Title and Escrow. Buyer's earnest money shall not be refundable unless Seller is unable to deliver a Special Warranty Deed or Receiver's Deed and a standard coverage owner's policy of title insurance on or before March 31, 2020. Buyer's earnest money shall be forfeited and released to Seller in the event that Buyer fails to close for any other reason on or before March 31, 2020.

Exhibit A, pg. 16.

COMPLAINT - 3

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

3.7     **Breach of Contract**. Per the PSA, Defendant was required to pay the Earnest Money, **$167,000.00**, to the title company "[one] day[] after mutual acceptance." Defendant failed and refused to do so. On Friday, March 13, 2020, Defendant's principal, Paul Greben, sent a text message containing a picture of a Cashier's Check for $167,000.00 to a representative of the title company, but Mr. Greben never delivered the check pursuant to the clear terms of the PSA. Upon information and belief, Mr. Greben stated that he would return to the title company and deliver the Earnest Money check on Monday, March 16, 2020, but he did not return. No further attempts have been made by Defendant to pay the Earnest Money to the escrow office. A true and correct copy of the text messages containing a picture of the Cashier's Check for the Earnest Money amount, with required redactions for financial privacy, is attached hereto as **Exhibit B**.

3.8     **Demand for Payment**. Alpine Homes has breached the clear terms of the PSA, having failed to pay the Earnest Money pursuant to the parties' contract. Plaintiff Elliott Bay has repeatedly demanded payment by Defendant of the Earnest Money, and Defendant has refused. It is Defendant's contractual duty and responsibility to pay the Earnest Money.

3.9     **Attorneys' Fees and Expenses**. Plaintiff will be entitled to the repayment, by Defendant, of its attorneys' fees and costs incurred herein. The PSA provides:

> **21. DEFAULT AND ATTORNEY'S FEE.**
> a. **Buyer's default.** In the event Buyer fails, without legal excuse, to complete the purchase of the Property, then (*check one*):
> ☑ Seller may terminate this Agreement and keep the earnest money as liquidated damages as the sole and exclusive remedy available to Seller for such failure; or
>
> \* \* \*
>
> Neither Buyer nor Seller may recover consequential damages such as lost profits. If Buyer or Seller institutes suit against the other concerning this Agreement, the prevailing party is entitled to reasonable attorneys' fees and expenses. In the event of trial, the amount of the attorney's fee shall be fixed by the court. The venue of any suit shall be the county in which the Property is located, and this Agreement shall be governed by the laws of the state where the Property is located.

**Exhibit A**, pgs. 8-916, ¶ 21.

Given the foregoing, Plaintiff respectfully requests that judgment be entered against Defendant on the following causes of action:

COMPLAINT - 4

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

## IV. FIRST CAUSE OF ACTION

### (Breach of Contract, Money Judgment, Monies Due)

4.1 Plaintiff incorporates and realleges all foregoing paragraphs hereof as if fully set forth herein.

4.2 Defendant's failure to pay the Earnest Money, either timely or at all, constitutes a breach of the PSA.

4.3 Pursuant to the clear terms of the PSA, Plaintiff is entitled to a money judgment against Defendant for the amount of the Earnest Money under the PSA: not less than $167,000.00, plus attorneys' fees and expenses, and other charges accruing under the PSA.

## V. SECOND CAUSE OF ACTION

### (Attorneys' Fees, Costs, and Expenses)

5.1 Plaintiff incorporates and realleges all foregoing paragraphs hereof as if fully set forth herein.

5.2 Plaintiff is entitled to repayment of its attorneys' fees, costs, and expenses incurred herein pursuant to the clear terms of the PSA, and is entitled to a judgment against Defendant for all attorneys' fees, costs, and expenses.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

6.1 For a money judgment against Defendant, for all sums due under the PSA, in the minimum amount of $167,000.00, plus other costs and expenses owing to Plaintiff;

6.2 For an award of Plaintiff's expenses, including, but not limited to, reimbursement of any and all advances, taxes, and payments made by Plaintiff under or ancillary to the PSA;

6.3 For an award of Plaintiff's attorneys' fees and costs incurred herein in the enforcement of its remedies against Defendant;

6.4 For an award of other damages to be proven by Plaintiff at trial, and for a final money judgment for all amounts and remedies referenced herein; and

**COMPLAINT - 5**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA    Doc 27-6    Filed 06/22/20    Ent. 06/22/20 17:13:44    Pg. 6 of 7

6.5  For such other and further relief as the Court deems just and proper.

DATED this 21st day of May, 2020.

Respectfully Submitted,

HACKER & WILLIG, INC., P.S.

*/s/ Arnold M. Willig*
Arnold M. Willig, WSBA #20104
Elizabeth H. Shea, WSBA #27189
Charles L. Butler, III, WSBA #36893
Attorneys for Plaintiff, Elliott Bay Asset Solutions, LLC, as Court-Appointed General Receiver for V. S. Investment Assoc., LLC

COMPLAINT - 6

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 20-11541-CMA    Doc 27-6    Filed 06/22/20    Ent. 06/22/20 17:13:44    Pg. 7 of 7