Honorable Christopher M. Alston
Chapter 11
Hearing Date: July 2, 2020
Hearing Time: 930 a.m.
Location: TELEPHONIC
**Response Date: At the hearing**

1
2
3
4
5
6
7
8

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

9
10
11
12
13

| In re | No. 20-11541-CMA |
|---|---|
| V S INVESTMENTS ASSOC LLC, | UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE |
| Debtor. | |

14

Acting United States Trustee for Region 18, Gregory M. Garvin ("U.S. Trustee"), hereby

15

moves the Court for an order converting or dismissing this chapter 11 case because of the failure

16

of VS Investment Assoc LLC (the "Debtor") to provide proof of adequate insurance on estate

17

assets (the "Motion"). In support of the Motion, the U.S. Trustee represents and alleges as

18

follows:

19

1.      This Court has jurisdiction over the Motion pursuant to 11 U.S.C. §§ 307 and

1112(b).

20

2.      The U.S. Trustee brings the Motion pursuant to the U.S. Trustee's authority to

21

supervise the administration of bankruptcy cases under 28 U.S.C. § 586(a)(3) and pursuant to 11

22

U.S.C. § 1112(b)(1). Because lack of insurance is the basis for relief, this Motion may be

23

brought on seven days' notice pursuant to Local Bankruptcy Rule 2015-1(d).

24

3.      As stated in the Declaration of Young-Mi Petteys in Support of the Motion

25

("Petteys Decl."), filed herewith:

26

UNITED STATES TRUSTEE'S MOTION
TO CONVERT OR DISMISS CHAPTER 11
CASE  - 1

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA  98101-1271
206-553-2000, 206-553-2566 (fax)

Case 20-11541-CMA    Doc 32    Filed 06/25/20    Ent. 06/25/20 08:18:38    Pg. 1 of 3

a. The Debtor filed this chapter 11 case on May 29, 2020.  (Pettey's Decl. ¶ 5.)

b. The Debtor timely provided some proof of insurance on June 5, 2020.  (*Id.* at ¶ 6.)

c. On June 15, 2020, the Debtor filed the balance of it Schedules and its Statement of Financial Affairs ("SOFA").  (*Id.* at ¶ 7.)

d. On June 17, 2020, the Debtor, through principals Viktoriya and Valentin Stelmakh, and its counsel, Brad Puffpaff, participated in a telephonic initial debtor interview with Young-Mi Petteys, Bankruptcy Analyst with the U.S. Trustee's Office.  (*Id.* at ¶ 8.)  During the initial debtor interview, Ms. Petteys informed the Stelmakhs and Mr. Puffpaff that, based on the Schedules, that the Debtor had not provided proof of insurance covering its real property in Seattle.  (*Id.*)  The Debtor expressed that it was actively trying to obtain insurance coverage.  (*Id.*)

e. Following the initial debtor interview, Ms. Petteys sent Mr. Puffpaff an email regarding the insurance requirement for the Seattle property, and requested that proof of insurance be provided by Monday, June 22, 2020.  (*Id.* at ¶ 9.)

f. Mr. Puffpaff stated in a responsive email to Ms. Petteys that the Debtor had found insurance and was in the process of securing coverage.  (*Id.* at ¶ 10.)  However, as of this filing, the U.S. Trustee's Office has not received proof of insurance covering the Seattle property.  (*Id.* at ¶ 11.)

4.	Bankruptcy Code section 1112(b) provides that "absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under chapter 11 to a case under chapter 7 or dismiss a case under chapter 11, whichever is in the best interests of creditors and the estate, if the movant establishes cause."  11 U.S.C. § 1112(b)(1).[1]  Section 1112(b) establishes a two-step analysis for addressing questions of conversion or dismissal. First, the court must determine whether cause exists for conversion or dismissal.  Second, the court must "apply a 'balancing test' to choose between conversion or dismissal based upon the 'best interests of the creditors and the estate.'"  *In re AVI, Inc.*, 389 B.R. 721, 729 (B.A.P. 9th Cir. 2008), citing *In re Nelson*, 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006); see also *In re Owens*,

---

[1] Although "cause" is not defined, § 1112(b)(4) contains a non-exclusive list of circumstances constituting "cause" for purposes of section 1112(b).  *See* 11 U.S.C. § 1112(b)(4); *In re Young*, 409 B.R. 508, 512 (Bankr. D. Idaho 2009).

UNITED STATES TRUSTEE'S MOTION
TO CONVERT OR DISMISS CHAPTER 11
CASE  - 2

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA  98101-1271
206-553-2000, 206-553-2566 (fax)

Case 20-11541-CMA    Doc 32    Filed 06/25/20    Ent. 06/25/20 08:18:38    Pg. 2 of 3

552 F.3d 958, 960-61 (9th Cir. 2009) (court must consider interests of all creditors).

5. Cause exists pursuant to 11 U.S.C. § 1112(b) to convert or dismiss the chapter 11 case, whichever the Court determines to be in the best interest of creditors, because the Debtor has not provided proof of adequate insurance, thereby potentially exposing the estate to postpetition liability. 11 U.S.C. § 1112(b)(4)(C).

6. The U.S. Trustee is not aware of any "unusual circumstances" present that justify not converting or dismissing the chapter 11 case.

7. The U.S. Trustees submits that dismissal may be in the best interests of creditors because the current scheduled value of the Debtor's real property is less than the scheduled value of liens attached to such property. (Dkt. # 17, Schs. A/B and D.) The Debtor's Schedule A/B also includes "work in progress" on a construction project for ten townhomes, but the scheduled value of $4,050,000 is an estimate of what their value will be when construction of these homes is completed. (Dkt. # 17, p. 4.)

Attached hereto are alternative proposed orders.

WHEREFORE, the U.S. Trustee respectfully requests that the Court enter its Order converting this chapter 11 case to a case under chapter 7, or dismissing this chapter 11 case, whichever the Court determines to be in the best interest of creditors.

DATED this 25th day of June, 2020.

Respectfully submitted,

GREGORY M. GARVIN
Acting United States Trustee for Region 18

*/s/ Hilary Bramwell Mohr*
Hilary Bramwell Mohr, WSBA #40005
Attorney for United States Trustee

UNITED STATES TRUSTEE'S MOTION
TO CONVERT OR DISMISS CHAPTER 11
CASE - 3

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 20-11541-CMA    Doc 32    Filed 06/25/20    Ent. 06/25/20 08:18:38    Pg. 3 of 3