Bountiful Law, PLLC
4620 200th Street SW, Ste D
Lynnwood, WA 98036
Telephone: (425) 775-9700
Facsimile: (425) 645-8088

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>V.S. INVESTMENT ASSOC., LLC,<br><br><br><br><br><br>Debtor(s). | Chapter 11<br><br>NO. **20-11541-CMA**<br><br><br>**RESPONSE TO BRMK LENDING, LLC'S MOTION TO DISMISS BANKRUPTCY OR FOR RELIEF FROM STAY AND ABANDONMENT TO PROCEED WITH RECEIVERSHIP** |

COMES NOW the debtor, V.S. Investment Assoc., LLC, and responds to BRMK Lending, LLC's Motion to Dismiss Bankruptcy or For Relief from Stay and Abandonment to Proceed with Receivership. In support of its response Debtor states as follows:

**I. FACTUAL BACKGROUND**

V.S. Investment Assoc., LLC ("Debtor") is a property development company with two members, Valintin and Viktoriya Stelmakh. It currently owns a fully developed four-unit complex located at 2463, 2465, 2467, and 2469 South College Street, Seattle Washington 98144 (the "College Street Properties") and an undeveloped property located at 319 75th Street, Everett, WA 98203 (the "75th Street Property").

Response        Page **1** of **9**

Bountiful Law, PLLC
4620 200th St. SW, Ste D
Lynnwood, WA 98036
(425)775-9700; Fax (425)633-2465

Case 20-11541-CMA    Doc 44    Filed 07/09/20    Ent. 07/09/20 19:14:08    Pg. 1 of 9

A. **College Street Properties**

The College Street Properties make up debtor's largest asset valued at an estimated $3,600,000.00. (ECF No. 1, Schedule A/B) It includes four townhomes that are all encumbered by liens in the following priority and amount.

| Creditor | Recording Date | Approx Amount Due |
| --- | --- | --- |
| BRMK Lending, LLC | 4/21/2016 | $4,236,395.95 * |
| Paul Greben | 1/16/2020<br>1/21/2020 amended | $ 598,500.00 |
| Ecocline Exc. & Utilities LLC | 1/30/2020 | $ 137,205.00 |

*amount based on proof of claim

Debtor acquired the College Street Properties from Barcelo Homes Inc. ("Barcelo") in 2016. (Declaration of Valentin Stelmakh). PBRELF I, LLC ("PBRELF") was the first position deed of trust holder on the property at that time. *Id.* Although it was legally owned by Barcelo, PBRELF was the primary actor in selling the property to Debtor. *Id.* PBRELF advertised it to Debtor as a permit ready "turnkey" development project. *Id.* Debtor was also told that the project could be completed within a year. *Id.*

At the time of the sale, PBRELF agreed to provide Debtor with necessary funding to complete the project and extended a loan for $1,880,000.00 secured by a deed of trust on the College Street Properties and a deed of trust on Stelmakhs' personal residence located at 4415 Priest Point Drive Northwest, Marysville, WA 98271 (the "Priest Point Property"). *Id.* However, PBRELF required the Stelmakh's to transfer their personal residence to a separate legal entity before it would issue the loan. *Id.* The Stelmakhs created V.S. Developing, LLC for this purpose and the property was transfer by quit claim deed. *Id.*

Response        Page **2** of **9**

Bountiful Law, PLLC
4620 200th St. SW, Ste D
Lynnwood, WA 98036
(425)775-9700;  Fax (425)633-2465

Case 20-11541-CMA    Doc 44    Filed 07/09/20    Ent. 07/09/20 19:14:08    Pg. 2 of 9

Soon after purchasing the College Street Properties, Debtor discovered is was not permit ready. *Id.* The City of Seattle required Debtor to obtain additional permits to complete the project. *Id.* As a result, debtor was unable to finish construction according to the projected timeline and incurred unexpected expenses. *Id.* Debtor eventually completed the project and obtained certificates of occupancy January 2020. *Id.*

In 2019, BRMK Lending, LLC, successor by merger to PBRELF ("BRMK") began pressuring Debtor to sell the four units on the College Street Properties even though certificates of occupancy had not yet been issued. *Id.* Debtor agreed to list the units for sale October 2019. *Id.*

Debtor received offers on each unit that it believed were less than market value. *Id.* After being pressure by BRMK and promised it would release its liens on both the College Street Properties and the Priest Point Property, Debtor accepted the offers. *Id.* Debtor accepted two offers October 2019, one offer November 2019 and one offer December 2019 for a total of $2,845.000.00. (ECF No. 27, Declaration of Stuart Heath, Exhibits B-E).

In January 2019, after receiving certificates of occupancy, Debtor was approached by Stephanie Jenkins, Asset Manager for BRMK who believed the College Street Properties could be sold at a higher price. (See Declaration of Valentin Stelmakh). In order to cancel the current contracts, BRMK needed to put Debtor in a receivership and relist the properties. *Id.* Debtor was also assured by Mrs. Jenkins that it would not sell the Priest Point Property in the receivership and told Debtor there was no need to seek independent counsel in the state court receivership action. *Id.* A receiver was appointed February 2020.

Response          Page **3** of **9**

Bountiful Law, PLLC
4620 200th St. SW, Ste D
Lynnwood, WA 98036
(425)775-9700; Fax (425)633-2465

Case 20-11541-CMA    Doc 44    Filed 07/09/20    Ent. 07/09/20 19:14:08    Pg. 3 of 9

On March 9, 2020 the receiver accepted an offer to purchase both the College Street Properties and the Priest Point Property to Alpine Homes NW, LLC ("Alpine Homes") for $3,352,000.00. (ECF No. 27, Declaration of Stuart Heath). According to BRMK's own motion, it was commonly understood that the College Street Properties accounted for $2,850,000.00 and the Priest Point Property accounted for $507,000.00. Alpine Homes defaulted on the agreement.

On May 21, 2020 the receiver accepted offers on all four units from Ahmet and Stephanie Gurbuz for a combined price of $2,850,000.00. *Id.* At the same time, the receiver accepted an offer from the Gurbuz's to purchase the Priest Point Property for $550,000.00. *Id.* The College Street Properties are currently listed on MLS for $3,600,00.00, and the Priest Point Property is valued at $1,050,000.00. (Declaration of Valentin Stelmakh, Exhibit A).

Debtor filed this chapter 11 on May 29, 2020. Since filing, Debtor has hired Shawn Perry as real estate agent of the bankruptcy estate. *Id.* On June 2, 2020, the same date this Court authorized his employ, Mr. Perry staged and listed the College Street Properties on MLS. *Id.* A 3D rendering of the listing can be seen at https://my.matterport.com/show/?m=CL98eEZMfFG. *Id.*

On June 3, 2020 Debtor received an offer on 2469 S. College Street for $1,025,000.00 and has a motion to approve the sale free and clear of liens set for July 31, 2020. Debtor has had several interested buyers and expects offer on the other properties in the coming weeks. *Id.*

B. **75th Street Property**

Debtor's second largest asset is the 75th Street Property with an estimated value of $1,500,000.00. (ECF No. 1, Schedule A/B). The property is currently encumbered by liens in the following priority and amount:

Response	Page **4** of **9**

Bountiful Law, PLLC
4620 200th St. SW, Ste D
Lynnwood, WA 98036
(425)775-9700; Fax (425)633-2465

Case 20-11541-CMA    Doc 44    Filed 07/09/20    Ent. 07/09/20 19:14:08    Pg. 4 of 9

| Creditor | Recording Date | Approx Amount Due |
|---|---|---|
| Cyan Funding LLC | 7/30/2019 | $ 925,000.00 |
| Sandler Architects LLC | 10/16/2019 | $ 10,000.00 est |

The 75th property is permitted to build ten 3-4 bedroom townhomes that when completed can each be sold for $585,000.00 or more. (Declaration of Valentin Stelmakh). Debtor anticipates the project will be take 12 – 18 months to complete. *Id.* Level Capital, LLC., successor to Cyan Funding, LLC, has recently agreed to provide Debtor with approximately $2,400,000.00 in funding to complete the project. *Id.* Debtor intends to file a motion with this court to approve the loan and to move forward with construction. *Id.* According to Schedule A/B, Debtor expects the 75th Street Property will be valued at a minimum of $5,850,000.00 upon completion.

## II. RESPONSE

**A**<u>**. BRMK's Motion to dismiss should be denied**</u>**.**

A chapter 11 bankruptcy case may be dismissed or converted for cause. 11 U.S.C. §1112(b). BRMK specifically outlines §1112(b)(4)(A), (B), and (M) as "cause", but none of these apply in this case. Moreover, when determining whether a case should be dismissed or converted, the court must consider what would be in the best interest of all creditors, not just the largest and most vocal creditor. *In re Sullivan*, 522 B.R. 604, 613 (9th Cir. BAP 2014).

Here Debtor's primary reason for filing this case was to prevent BRMK from selling its assets at a discount. In addition, Debtor wanted to save the Priest Point Property, which is the primary residence of its members. On two occasions the receiver attempted to sell the College Street Properties for $750,000.00 less than market value. On two occasions, the receiver

Response        Page **5** of **9**

Bountiful Law, PLLC
4620 200th St. SW, Ste D
Lynnwood, WA 98036
(425)775-9700;  Fax (425)633-2465

Case 20-11541-CMA    Doc 44    Filed 07/09/20    Ent. 07/09/20 19:14:08    Pg. 5 of 9

attempted to sell the Priest Point Property for nearly $500,000.00 less than market value. Allowing the receivership to continue would cause substantial and continuing loss to the estate and would not be in the best interest of all creditors.

Additionally, BRMK's interactions with Debtor have proven to lack good faith. On multiple occasions, BRMK or its predecessor have been less than forthcoming with the debtor. Debtor was told the College Street Property was permit ready, but additional permits were required to complete the project. Prior to obtaining certificates of occupancy, BRMK pressured Debtor to accept offers on the property for less than market value. Then, when BRMK thought it could get more money after certificates were issued they put Debtor into a receivership so it could reject those contracts. BRMK also promised it would not sell the Priest Point Property in the receivership but still attempted to sell it anyway. Dismissing this case to allow the receivership to continue would only serve the best interest of BRMK to the detriment of all other creditors and the estate.

Debtor has acted in the best interest of all creditors and the estate. Only a month after filing Debtor has hired a real estate agent who immediately listed the College Street Properties for sale. Debtor has accepted an offer on one of the College Street Properties that was $140,000 higher than any previous offer accepted by the receiver. Debtor has filed a motion to approve that sale. Debtor has obtained permits to develop the 75th Street Property into a 10-townhome complex. Debtor has also obtained financing, subject to court approval, to fund that project. Debtor is best capable and should be allowed to propose a feasible chapter 11 plan to reorganize that would be in the best interest of all creditors and the estate.

Response  Page **6** of **9**

Bountiful Law, PLLC
4620 200th St. SW, Ste D
Lynnwood, WA 98036
(425)775-9700; Fax (425)633-2465

Case 20-11541-CMA    Doc 44    Filed 07/09/20    Ent. 07/09/20 19:14:08    Pg. 6 of 9

## B. Debtor Filed in Good Faith

A lack of good faith in filing a bankruptcy petition may constitute "cause" warranting dismissal under Section 1112(b). See Marsch v. Marsch (In re Marsch), 36 F.3d 825, 828-29 (9th Cir. 1994). "Good faith is lacking only when the debtor's actions are a clear abuse of the bankruptcy process. . . . Good faith depends on an amalgam of factors, not a specific fact or facts." Margitan v. Hanna (In re Hanna), 2018 WL 1770960, at *5 (9th Cir. BAP Apr. 13, 2018) (quotations and citations omitted). In determining whether a case was filed in the absence of good faith, courts may consider factors such as whether:

1. The debtor has only one asset;
2. The debtor has an ongoing business to reorganize;
3. There are any unsecure creditors;
4. The debtor has any case flow or sources of income to sustain a plan of reorganization or to make adequate protection payments; and
5. The case is essentially a two-party dispute capable of prompt adjudication in state court.

*In re St. Paul Self Storage Ltd. P'ship,* 185 B.R. 580, 582-83 (9th Cir. BAP 1995). The movant bears the burden of establishing bad faith by a preponderance of the evidence. *In re Sullivan* at 614. Most importantly, a court must consider whether dismissal is in the best interest of all creditors. *Id.*

Here, BRMK fails to meet its burden to establish bad faith. Debtor has two large assets, the College Street Properties and the 75th Street Property. The 75th Street Property is permitted for a 10-townhome complex and ready to begin construction. Debtor has a lender willing to finance the project subject to court approval. Debtor also has more than 10 unsecured creditors

Response     Page **7** of **9**

Bountiful Law, PLLC
4620 200th St. SW, Ste D
Lynnwood, WA 98036
(425)775-9700; Fax (425)633-2465

Case 20-11541-CMA    Doc 44    Filed 07/09/20    Ent. 07/09/20 19:14:08    Pg. 7 of 9

with estimated claims more that $400,000.00. In addition, there are undersecured creditors with more than $700,000.00 in claims. Debtor can feasibly reorganize and propose and effectuate a confirmable plan that is in the best interest of all creditors and the estate.

### C. **Relief from the Automatic Stay Should be Denied**.

Relief from stay should be denied because BRMK is or can be adequately protected. 11 U.S.C § 362(d) provides that relief from stay shall be granted -

> 1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> 2) with respect to a stay of an act against property under subsection (a) of this section, if
>     (A) the debtor does not have an equity in such property; and
>     (B) such property is not necessary to an effective reorganization

11 U.S.C. § 361 provides:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—
>
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property;

Here, BRMK is or can be adequately protected. According to BRMK's motion, it has a secured claim of $4,287,350.29. While Debtor disputes this amount, if accurate, BRMK is fully secured with its two deeds of trust. The College Street Properties are valued at $3,600,000.00 and is listed for sale at that price. The Priest Point Property is valued at $1,050,000.00 based on a market analysis. With an estimated cost of sale at 6%, BRMK is fully secured.

In addition, Debtor can provide adequate protection, if necessary, by giving BRMK an additional lien in its 75th Street Property. The property is valued at $1,500.000.00 with a deed of

Response          Page **8** of **9**

Bountiful Law, PLLC
4620 200th St. SW, Ste D
Lynnwood, WA 98036
(425)775-9700; Fax (425)633-2465

Case 20-11541-CMA    Doc 44    Filed 07/09/20    Ent. 07/09/20 19:14:08    Pg. 8 of 9

trust valued at $925,000.00, and a worker's lien estimated at $10,000.00. Assuming a 6% cost of sale, there is approximately $470,000 in equity available to provide BRMK with an additional lien as adequate protection, if necessary. Thus, relief from the automatic stay should be denied.

### III. CONCLUSION

Allowing Debtor to liquidate assets in the bankruptcy and propose an plan for reorganization involving the development of the 10-townhome project would be in the best interest of *all* creditors and the estate. Wherefore, Debtor respectfully requests the Court issue an order denying BRMK's Motion to Dismiss and denying BRMK's Motion for Relief from Stay and Abandonment to Proceed with Receivership.

Dated this 9th day of July, 2019

    /s/Brad L Puffpaff
Brad L Puffpaff, WSBA 46434
Attorney for Debtor

Response     Page **9** of **9**

Bountiful Law, PLLC
4620 200th St. SW, Ste D
Lynnwood, WA 98036
(425)775-9700; Fax (425)633-2465

Case 20-11541-CMA   Doc 44   Filed 07/09/20   Ent. 07/09/20 19:14:08   Pg. 9 of 9