Bountiful Law, PLLC
4620 200th Street SW, Ste D
Lynnwood, WA 98036
Telephone: (425) 775-9700
Facsimile: (425) 645-8088

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>V.S. INVESTMENT ASSOC., LLC,<br><br><br><br><br><br><br>Debtor(s). | Chapter 11<br><br>NO. **20-11541**<br><br><br>DECLARATION OF VALENTIN STELMAKH IN SUPPORT OF MOTION FOR ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS |

I, Valentin Stelmakh, declare:

1. I am a member of V.S. Investment Assoc., LLC, a Washington limited liability company. I am over the age of 18 years and am competent to testify herein. I am authorized to make this declaration, and do so from my own personal knowledge in support for the Motion for Order Approving Sale of Real Property Free and Clear of Liens filed by V.S. Investment Assoc., LLC ("V.S. Investment") in the above-captioned chapter 11 proceedings.

2. V.S. Investment owns real property commonly known as 2467 S College Street, Seattle, WA 98144. This property is one of a four-unit real estate development project completed by the Debtor on or around January 2020.

Declaration

3. All four units of the project are encumbered by the following liens in order of priority:

| Creditor | Recording Date | Approx Amount Due |
|---|---|---|
| BRMK Lending, LLC | 4/21/2016 | $4,236,395.95 |
| Paul Greben | 1/16/2020 | $ 598,500.00 |
|  | 1/21/2020 amended |  |
| Ecocline Exc. & Utilities LLC | 1/30/2020 | $ 137,205.00 |

The amount listed for BRMK Lending, LLC is based on the creditor's proof of claim filed in this case. V.S. Investment disagrees with this amount and intends to object to the proof of claim.

4. On October 21, 2019, I received an offer from Paul W. Riehle and Jenny Ting Riehle to purchase the subject property for $625,000.00. (*See* ECF No 27-3, Declaration of Stuart Heath, Exhibit C). At that time, I believed the offer was lower than market value. However, I accepted this offer on behalf of V.S. Investment after being pressured by representatives of BRMK Lending, LLC who ensured me it would accept a lesser amount in full satisfaction of its lien.

5. Shortly after accepting the offer, representatives of BR MK Lending, LLC told me it needed to put V.S. Investment into a receivership so it could cancel the real estate contract. A receiver was eventually appointed in King County Superior Court Case No. 20-20-01947-2 SEA.

6. On May 21, 2020, on behalf of V.S. Investment, the receiver entered into a real estate purchase and sale agreement for the subject property with Ahmet and Stephanie Gurbuz. (*See* ECF No. 27, Declaration of Stewart Heath). The offer accepted by the receiver was $625,000.

7. V.S. Investment filed this case May 29, 2020 primarily to stop the receiver from selling assets of the company for less than market value.

Declaration

Bountiful Law, PLLC
4620 200th St. SW, Ste D
Lynnwood, WA 98036
(425)775-9700; Fax (425)633-2465

Case 20-11541-CMA    Doc 73-2    Filed 09/03/20    Ent. 09/03/20 18:19:42    Pg. 2 of 20

8. On June 30, 2020, V.S. Investment engaged the services of Shawn Perry as real estate agent for the bankruptcy estate. This court approved the application to appoint Shawn on July 2, 2020. Shawn listed the property for sale the same day.

9. On August 30, 2020, I received an offer to purchase for $749,950.00 from Srinath Subramanyam Venigandla and Laskshmi Sindura Nadella. A true and correct copy of said agreement is attached to this declaration as Exhibit A and incorporated herein by reference. This is $124,950 more than any previous offer received. I believe this offer to be the best offer for the property.

10. V.S. Investment is seeking authority to sell said property free and clear of liens, and to pay first position Deed of Trust of BRMK Lending, LLC, remaining proceeds after all costs of closing, including real estate commissions, taxes, United States Trustee fees and other closing costs.

I certify under penalty of perjury according to the laws of the United States of America the foregoing is true and correct to the best of my knowledge.

Dated this 3rd day of September, 2020

                                      By: /s/ Valentin Stelmakh
                                      Valentin Stelmakh, Member
                                      V.S. Investment Assoc., LLC

Declaration

Bountiful Law, PLLC
4620 200th St. SW, Ste D
Lynnwood, WA 98036
(425)775-9700; Fax (425)633-2465

Case 20-11541-CMA    Doc 73-2    Filed 09/03/20    Ent. 09/03/20 18:19:42    Pg. 3 of 20

# EXHIBIT A

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

Form 21  
Residential Purchase & Sale Agreement  
Rev. 7/19  
Page 1 of 5

©Copyright 2019  
Northwest Multiple Listing Service  
ALL RIGHTS RESERVED

## RESIDENTIAL REAL ESTATE PURCHASE AND SALE AGREEMENT
### SPECIFIC TERMS

1. **Date:** August 30, 2020    **MLS No.:** 1619475    **Offer Expiration Date:** 8/31/2020
2. **Buyer:** Srinath Subramanyam Venigandla    Lakshmi Sindhura Nadella    A married couple
   Buyer    Buyer    Status
3. **Seller:** Stelmakh
   Seller    Seller
4. **Property:** Legal Description attached as Exhibit A. Tax Parcel No(s).: 1594600092, _____, _____,
   2467    S College Street    Seattle    King    WA    98144
   Address    City    County    State    Zip
5. **Included Items:** ☑ stove/range; ☑ refrigerator; ☐ washer; ☐ dryer; ☑ dishwasher; ☐ hot tub; ☐ fireplace insert; ☐ wood stove; ☐ satellite dish; ☐ security system; ☐ attached television(s); ☐ attached speaker(s); ☑ microwave; ☐ generator; ☑ other garbage disposal
6. **Purchase Price:** $ 749,950.00    Seven Hundred Forty-Nine Thousand Nine Hundred Fifty _____ Dollars
7. **Earnest Money:** $ 23,000.00    ☐ Check; ☐ Note; ☑ Other check or wire    (held by ☐ Selling Firm; ☑ Closing Agent)
8. **Default:** (check only one) ☑ Forfeiture of Earnest Money; ☐ Seller's Election of Remedies
9. **Title Insurance Company:** FATCO
10. **Closing Agent:** FATCO
    Company    Individual (optional)
11. **Closing Date:** 9/29/2020 ; **Possession Date:** ☐ on Closing; ☑ Other 9/29/2020 at 5pm
12. **Services of Closing Agent for Payment of Utilities:** ☑ Requested (attach NWMLS Form 22K); ☐ Waived
13. **Charges/Assessments Levied Before but Due After Closing:** ☐ assumed by Buyer; ☑ prepaid in full by Seller at Closing
14. **Seller Citizenship (FIRPTA):** Seller ☐ is; ☑ is not a foreign person for purposes of U.S. income taxation
15. **Agency Disclosure:**  Selling Broker represents: ☑ Buyer; ☐ Seller; ☐ both parties; ☐ neither party  
    Listing Broker represents: ☑ Seller; ☐ both parties
16. **Addenda:** 22A(Financing)    22D(Optional Clauses)    22K(Utilities)    22T(Title Contingency)  
    35(Inspection)

---

*Srinath Subramanyam Venigandla*    08/30/2020  
Buyer's Signature 8/30/2020 11:29:58 PM PDT    Date  
*Lakshmi Sindhura Nadella*    08/30/2020  
Buyer's Signature 8/30/2020 ... PM PDT    Date

*Valentin Stelmakh*    08/31/2020  
Seller's Signature 8/31/2020 9:48:08 PM PDT    Date  
*Viktoriya Stelmakh*    08/31/2020  
Seller's Signature 8/31/2020 ... PM PDT    Date

Buyer's Address    Seller's Address

City, State, Zip    City, State, Zip  
    (206) 458-8201  
Phone No.    Fax No.    Phone No.    Fax No.  
srinath.venigandla@gmail.com  
Buyer's E-mail Address    Seller's E-mail Address

Redfin Corp.    6018    Windermere RE North, Inc.    7370  
Selling Firm    MLS Office No.    Listing Firm    MLS Office No.  
Teresa Taylor    53949    Shawn Perry    41437  
Selling Broker (Print)    MLS LAG No.    Listing Broker (Print)    MLS LAG No.  
(206) 258-6097    (206) 432-2270    (206) 576-9532    (425) 776-1119    (425) 772-6172    (425) 776-5680  
Firm Phone No.    Broker Phone No.    Firm Fax No.    Firm Phone No.    Broker Phone No.    Firm Fax No.  
seattle.broker@redfin.com    lynnwoodcontracts@windermere.com  
Selling Firm Document E-mail Address    Listing Firm Document E-mail Address  
teresa.taylor@redfin.com    shawnperry@windermere.com  
Selling Broker's E-mail Address    Listing Broker's E-mail Address  
86770    24374    76461    3415  
Selling Broker DOL License No.    Selling Firm DOL License No.    Listing Broker DOL License No.    Listing Firm DOL License No.

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

x
done

Form 21  
Residential Purchase & Sale Agreement  
Rev. 7/19  
Page 2 of 5  

©Copyright 2019  
Northwest Multiple Listing Service  
ALL RIGHTS RESERVED  

**RESIDENTIAL REAL ESTATE PURCHASE AND SALE AGREEMENT**  
**GENERAL TERMS**  
*Continued*

a. **Purchase Price.** Buyer shall pay to Seller the Purchase Price, including the Earnest Money, in cash at Closing, unless otherwise specified in this Agreement. Buyer represents that Buyer has sufficient funds to close this sale in accordance with this Agreement and is not relying on any contingent source of funds, including funds from loans, the sale of other property, gifts, retirement, or future earnings, except to the extent otherwise specified in this Agreement. The parties shall use caution when wiring funds to avoid potential wire fraud. Before wiring funds, the party wiring funds shall take steps to confirm any wire instructions via an independently verified phone number and other appropriate measures.

b. **Earnest Money.** Buyer shall deliver the Earnest Money within 2 days after mutual acceptance to Selling Broker or to Closing Agent. If Buyer delivers the Earnest Money to Selling Broker, Selling Broker will deposit any check to be held by Selling Firm, or deliver any Earnest Money to be held by Closing Agent, within 3 days of receipt or mutual acceptance, whichever occurs later. If the Earnest Money is held by Selling Firm and is over $10,000.00 it shall be deposited into an interest bearing trust account in Selling Firm's name provided that Buyer completes an IRS Form W-9. Interest, if any, after deduction of bank charges and fees, will be paid to Buyer. Buyer shall reimburse Selling Firm for bank charges and fees in excess of the interest earned, if any. If the Earnest Money held by Selling Firm is over $10,000.00 Buyer has the option to require Selling Firm to deposit the Earnest Money into the Housing Trust Fund Account, with the interest paid to the State Treasurer, if both Seller and Buyer so agree in writing. If the Buyer does not complete an IRS Form W-9 before Selling Firm must deposit the Earnest Money or the Earnest Money is $10,000.00 or less, the Earnest Money shall be deposited into the Housing Trust Fund Account. Selling Firm may transfer the Earnest Money to Closing Agent at Closing. If all or part of the Earnest Money is to be refunded to Buyer and any such costs remain unpaid, the Selling Firm or Closing Agent may deduct and pay them therefrom. The parties instruct Closing Agent to provide written verification of receipt of the Earnest Money and notice of dishonor of any check to the parties and Brokers at the addresses and/or fax numbers provided herein.

Upon termination of this Agreement, a party or the Closing Agent may deliver a form authorizing the release of Earnest Money to the other party or the parties. The party(s) shall execute such form and deliver the same to the Closing Agent. If either party fails to execute the release form, a party may make a written demand to the Closing Agent for the Earnest Money. Pursuant to RCW 64.04, Closing Agent shall deliver notice of the demand to the other party within 15 days. If the other party does not object to the demand within 20 days of Closing Agent's notice, Closing Agent shall disburse the Earnest Money to the party making the demand within 10 days of the expiration of the 20 day period. If Closing Agent timely receives an objection or an inconsistent demand from the other party, Closing Agent shall commence an interpleader action within 60 days of such objection or inconsistent demand, unless the parties provide subsequent consistent instructions to Closing Agent to disburse the earnest money or refrain from commencing an interpleader action for a specified period of time. Pursuant to RCW 4.28.080, the parties consent to service of the summons and complaint for an interpleader action by first class mail, postage prepaid at the party's usual mailing address or the address identified in this Agreement. If the Closing Agent complies with the preceding process, each party shall be deemed to have released Closing Agent from any and all claims or liability related to the disbursal of the Earnest Money. If either party fails to authorize the release of the Earnest Money to the other party when required to do so under this Agreement, that party shall be in breach of this Agreement. For the purposes of this section, the term Closing Agent includes a Selling Firm holding the Earnest Money. The parties authorize the party commencing an interpleader action to deduct up to $500.00 for the costs thereof.

c. **Included Items.** Any of the following items, including items identified in Specific Term No. 5 if the corresponding box is checked, located in or on the Property are included in the sale: built-in appliances; wall-to-wall carpeting; curtains, drapes and all other window treatments; window and door screens; awnings; storm doors and windows; installed television antennas; ventilating, air conditioning and heating fixtures; trash compactor; fireplace doors, gas logs and gas log lighters; irrigation fixtures; electric garage door openers; water heaters; installed electrical fixtures; lighting fixtures; shrubs, plants and trees planted in the ground; and other fixtures; and all associated operating remote controls. Unless otherwise agreed, if any of the above items are leased or encumbered, Seller shall acquire clear title before Closing.

d. **Condition of Title.** Unless otherwise specified in this Agreement, title to the Property shall be marketable at Closing. The following shall not cause the title to be unmarketable: rights, reservations, covenants, conditions and restrictions, presently of record and general to the area; easements and encroachments, not materially affecting the value of or unduly interfering with Buyer's reasonable use of the Property; and reserved oil and/or mining rights. Seller shall not convey or reserve any oil and/or mineral rights after mutual acceptance without Buyer's written consent. Monetary encumbrances or liens not assumed by Buyer, shall be paid or discharged by Seller on or before Closing. Title shall be conveyed by a Statutory Warranty Deed. If this Agreement is for conveyance of a buyer's interest in a Real Estate Contract, the Statutory Warranty Deed shall include a buyer's assignment of the contract sufficient to convey after acquired title.

e. **Title Insurance.** Seller authorizes Buyer's lender or Closing Agent, at Seller's expense, to apply for the then-current ALTA form of Homeowner's Policy of Title Insurance for One-to-Four Family Residence, from the Title Insurance Company. If Seller previously received a preliminary commitment from a Title Insurance Company that Buyer declines to use, Buyer shall pay any cancellation fees owing to the original Title Insurance Company. Otherwise, the party applying for title insurance shall pay any title cancellation fee, in the event such a fee is assessed. If the Title Insurance

| Buyer's Initials | Date | Buyer's Initials | Date | Seller's Initials | Date | Seller's Initials | Date |
|---|---|---|---|---|---|---|---|
| SSV | 08/30/2020 | LS.N | 08/30/2020 | VS | 08/31/2020 | VS | 08/31/2020 |

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

Form 21  
Residential Purchase & Sale Agreement  
Rev. 7/19  
Page 3 of 5

©Copyright 2019  
Northwest Multiple Listing Service  
ALL RIGHTS RESERVED

# RESIDENTIAL REAL ESTATE PURCHASE AND SALE AGREEMENT
## GENERAL TERMS
*Continued*

Company selected by the parties will not issue a Homeowner's Policy for the Property, the parties agree that the Title Insurance Company shall instead issue the then-current ALTA standard form Owner's Policy, together with homeowner's additional protection and inflation protection endorsements, if available. The Title Insurance Company shall send a copy of the preliminary commitment to Seller, Listing Broker, Buyer and Selling Broker. The preliminary commitment, and the title policy to be issued, shall contain no exceptions other than the General Exclusions and Exceptions in the Policy and Special Exceptions consistent with the Condition of Title herein provided. If title cannot be made so insurable prior to the Closing Date, then as Buyer's sole and exclusive remedy, the Earnest Money shall, unless Buyer elects to waive such defects or encumbrances, be refunded to the Buyer, less any unpaid costs described in this Agreement, and this Agreement shall thereupon be terminated. Buyer shall have no right to specific performance or damages as a consequence of Seller's inability to provide insurable title.

f. **Closing and Possession.** This sale shall be closed by the Closing Agent on the Closing Date. If the Closing Date falls on a Saturday, Sunday, legal holiday as defined in RCW 1.16.050, or day when the county recording office is closed, the Closing Agent shall close the transaction on the next day that is not a Saturday, Sunday, legal holiday, or day when the county recording office is closed. "Closing" means the date on which all documents are recorded and the sale proceeds are available to Seller. Seller shall deliver keys and garage door remotes to Buyer on the Closing Date or on the Possession Date, whichever occurs first. Buyer shall be entitled to possession at 9:00 p.m. on the Possession Date. Seller shall maintain the Property in its present condition, normal wear and tear excepted, until the Buyer is provided possession. Seller shall either repair or replace any system or appliance (including, but not limited to plumbing, heat, electrical, and all Included Items) that becomes inoperative or malfunctions prior to Closing with a system or appliance of at least equal quality. Buyer reserves the right to walk through the Property within 5 days of Closing to verify that Seller has maintained the Property and systems/appliances as required by this paragraph. Seller shall not enter into or modify existing leases or rental agreements, service contracts, or other agreements affecting the Property which have terms extending beyond Closing without first obtaining Buyer's consent, which shall not be unreasonably withheld. If possession transfers at a time other than Closing, the parties shall execute NWMLS Form 65A (Rental Agreement/Occupancy Prior to Closing) or NWMLS Form 65B (Rental Agreement/Seller Occupancy After Closing) (or alternative rental agreements) and are advised of the need to contact their respective insurance companies to assure appropriate hazard and liability insurance policies are in place, as applicable.

RCW 19.27.530 requires the seller of any owner-occupied single-family residence to equip the residence with a carbon monoxide alarm(s) in accordance with the state building code before a buyer or any other person may legally occupy the residence following the sale. RCW 43.44.110 requires the seller of a dwelling unit, that does not have at least one smoke detection device, to provide at least one smoke detection device in the unit before the buyer or any other person occupies the unit following a sale. The parties acknowledge that the Brokers are not responsible for ensuring that Seller complies with RCW 19.27.530 or RCW 43.44.110. Buyer and Seller shall hold the Brokers and their Firms harmless from any claim resulting from Seller's failure to install a carbon monoxide alarm(s) or smoke detector(s) in the Property.

g. **Section 1031 Like-Kind Exchange.** If either Buyer or Seller intends for this transaction to be a part of a Section 1031 like-kind exchange, then the other party shall cooperate in the completion of the like-kind exchange so long as the cooperating party incurs no additional liability in doing so, and so long as any expenses (including attorneys' fees and costs) incurred by the cooperating party that are related only to the exchange are paid or reimbursed to the cooperating party at or prior to Closing. Notwithstanding the Assignment paragraph of this Agreement, any party completing a Section 1031 like-kind exchange may assign this Agreement to its qualified intermediary or any entity set up for the purposes of completing a reverse exchange.

h. **Closing Costs and Prorations and Charges and Assessments.** Seller and Buyer shall each pay one-half of the escrow fee unless otherwise required by applicable FHA or VA regulations. Taxes for the current year, rent, interest, and lienable homeowner's association dues shall be prorated as of Closing. Buyer shall pay Buyer's loan costs, including credit report, appraisal charge and lender's title insurance, unless provided otherwise in this Agreement. If any payments are delinquent on encumbrances which will remain after Closing, Closing Agent is instructed to pay such delinquencies at Closing from money due, or to be paid by, Seller. Buyer shall pay for remaining fuel in the fuel tank if, prior to Closing, Seller obtains a written statement from the supplier as to the quantity and current price and provides such statement to the Closing Agent. Seller shall pay all utility charges, including unbilled charges. Unless waived in Specific Term No. 12, Seller and Buyer request the services of Closing Agent in disbursing funds necessary to satisfy unpaid utility charges in accordance with RCW 60.80 and Seller shall provide the names and addresses of all utilities providing service to the Property and having lien rights (attach NWMLS Form 22K Identification of Utilities or equivalent).

Buyer is advised to verify the existence and amount of any local improvement district, capacity or impact charges or other assessments that may be charged against the Property before or after Closing. Seller will pay such charges that are or become due on or before Closing. Charges levied before Closing, but becoming due after Closing shall be paid as agreed in Specific Term No. 13.

| [SSV] 08/30/2020 | [PSN] 08/30/2020 | [VS] 08/31/2020 | [VS] 08/31/2020 |
|---|---|---|---|
| Buyer's Initials   Date | Buyer's Initials   Date | Seller's Initials   Date | Seller's Initials   Date |

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

Form 21  
Residential Purchase & Sale Agreement  
Rev. 7/19  
Page 4 of 5

©Copyright 2019  
Northwest Multiple Listing Service  
ALL RIGHTS RESERVED

**RESIDENTIAL REAL ESTATE PURCHASE AND SALE AGREEMENT**  
**GENERAL TERMS**  
*Continued*

i. **Sale Information.** Listing Broker and Selling Broker are authorized to report this Agreement (including price and all terms) to the Multiple Listing Service that published it and to its members, financing institutions, appraisers, and anyone else related to this sale. Buyer and Seller expressly authorize all Closing Agents, appraisers, title insurance companies, and others related to this Sale, to furnish the Listing Broker and/or Selling Broker, on request, any and all information and copies of documents concerning this sale.

j. **Seller Citizenship and FIRPTA.** Seller warrants that the identification of Seller's citizenship status for purposes of U.S. income taxation in Specific Term No. 14 is correct. Seller shall execute a certification (NWMLS Form 22E or equivalent) under the Foreign Investment in Real Property Tax Act ("FIRPTA") at Closing and provide the certification to the Closing Agent. If Seller is a foreign person for purposes of U.S. income taxation, and this transaction is not otherwise exempt from FIRPTA, Closing Agent is instructed to withhold and pay the required amount to the Internal Revenue Service.

k. **Notices and Delivery of Documents.** Any notice related to this Agreement (including revocations of offers or counteroffers) must be in writing. Notices to Seller must be signed by at least one Buyer and shall be deemed delivered only when the notice is received by Seller, by Listing Broker, or at the licensed office of Listing Broker. Notices to Buyer must be signed by at least one Seller and shall be deemed delivered only when the notice is received by Buyer, by Selling Broker, or at the licensed office of Selling Broker. Documents related to this Agreement, such as NWMLS Form 17, Information on Lead-Based Paint and Lead-Based Paint Hazards, Public Offering Statement or Resale Certificate, and all other documents shall be delivered pursuant to this paragraph. Buyer and Seller must keep Selling Broker and Listing Broker advised of their whereabouts in order to receive prompt notification of receipt of a notice.

Facsimile transmission of any notice or document shall constitute delivery. E-mail transmission of any notice or document (or a direct link to such notice or document) shall constitute delivery when: (i) the e-mail is sent to both Selling Broker and Selling Firm or both Listing Broker and Listing Firm at the e-mail addresses specified on page one of this Agreement; or (ii) Selling Broker or Listing Broker provide written acknowledgment of receipt of the e-mail (an automatic e-mail reply does not constitute written acknowledgment). At the request of either party, or the Closing Agent, the parties will confirm facsimile or e-mail transmitted signatures by signing an original document.

l. **Computation of Time.** Unless otherwise specified in this Agreement, any period of time measured in days and stated in this Agreement shall start on the day following the event commencing the period and shall expire at 9:00 p.m. of the last calendar day of the specified period of time. Except for the Possession Date, if the last day is a Saturday, Sunday or legal holiday as defined in RCW 1.16.050, the specified period of time shall expire on the next day that is not a Saturday, Sunday or legal holiday. Any specified period of 5 days or less, except for any time period relating to the Possession Date, shall not include Saturdays, Sundays or legal holidays. If the parties agree that an event will occur on a specific calendar date, the event shall occur on that date, except for the Closing Date, which, if it falls on a Saturday, Sunday, legal holiday as defined in RCW 1.16.050, or day when the county recording office is closed, shall occur on the next day that is not a Saturday, Sunday, legal holiday, or day when the county recording office is closed. If the parties agree upon and attach a legal description after this Agreement is signed by the offeree and delivered to the offeror, then for the purposes of computing time, mutual acceptance shall be deemed to be on the date of delivery of an accepted offer or counteroffer to the offeror, rather than on the date the legal description is attached. Time is of the essence of this Agreement.

m. **Integration and Electronic Signatures.** This Agreement constitutes the entire understanding between the parties and supersedes all prior or contemporaneous understandings and representations. No modification of this Agreement shall be effective unless agreed in writing and signed by Buyer and Seller. The parties acknowledge that a signature in electronic form has the same legal effect and validity as a handwritten signature.

n. **Assignment.** Buyer may not assign this Agreement, or Buyer's rights hereunder, without Seller's prior written consent, unless the parties indicate that assignment is permitted by the addition of "and/or assigns" on the line identifying the Buyer on the first page of this Agreement.

o. **Default.** In the event Buyer fails, without legal excuse, to complete the purchase of the Property, then the following provision, as identified in Specific Term No. 8, shall apply:

   i. **Forfeiture of Earnest Money.** That portion of the Earnest Money that does not exceed five percent (5%) of the Purchase Price shall be forfeited to the Seller as the sole and exclusive remedy available to Seller for such failure.

   ii. **Seller's Election of Remedies.** Seller may, at Seller's option, (a) keep the Earnest Money as liquidated damages as the sole and exclusive remedy available to Seller for such failure, (b) bring suit against Buyer for Seller's actual damages, (c) bring suit to specifically enforce this Agreement and recover any incidental damages, or (d) pursue any other rights or remedies available at law or equity.

p. **Professional Advice and Attorneys' Fees.** Buyer and Seller are advised to seek the counsel of an attorney and a certified public accountant to review the terms of this Agreement. Buyer and Seller shall pay their own fees incurred for such review. However, if Buyer or Seller institutes suit against the other concerning this Agreement, or if the party holding the Earnest Money commences an interpleader action, the prevailing party is entitled to reasonable attorneys' fees and expenses.

| Buyer's Initials | Date | Buyer's Initials | Date | Seller's Initials | Date | Seller's Initials | Date |
|---|---|---|---|---|---|---|---|
| *SSV* | 08/30/2020 | *ESN* | 08/30/2020 | *VS* | 08/31/2020 | *VS* | 08/31/2020 |

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

Form 21  
Residential Purchase & Sale Agreement  
Rev. 7/19  
Page 5 of 5

©Copyright 2019  
Northwest Multiple Listing Service  
ALL RIGHTS RESERVED

**RESIDENTIAL REAL ESTATE PURCHASE AND SALE AGREEMENT**  
**GENERAL TERMS**  
*Continued*

q. **Offer.** This offer must be accepted by 9:00 p.m. on the Offer Expiration Date, unless sooner withdrawn. Acceptance shall not be effective until a signed copy is received by the other party, by the other party's broker, or at the licensed office of the other party's broker pursuant to General Term k. If this offer is not so accepted, it shall lapse and any Earnest Money shall be refunded to Buyer.

r. **Counteroffer.** Any change in the terms presented in an offer or counteroffer, other than the insertion of or change to Seller's name and Seller's warranty of citizenship status, shall be considered a counteroffer. If a party makes a counteroffer, then the other party shall have until 9:00 p.m. on the counteroffer expiration date to accept that counteroffer, unless sooner withdrawn. Acceptance shall not be effective until a signed copy is received by the other party, the other party's broker, or at the licensed office of the other party's broker pursuant to General Term k. If the counteroffer is not so accepted, it shall lapse and any Earnest Money shall be refunded to Buyer.

s. **Offer and Counteroffer Expiration Date.** If no expiration date is specified for an offer/counteroffer, the offer/counteroffer shall expire 2 days after the offer/counteroffer is delivered by the party making the offer/counteroffer, unless sooner withdrawn.

t. **Agency Disclosure.** Selling Firm, Selling Firm's Designated Broker, Selling Broker's Branch Manager (if any) and Selling Broker's Managing Broker (if any) represent the same party that Selling Broker represents. Listing Firm, Listing Firm's Designated Broker, Listing Broker's Branch Manager (if any), and Listing Broker's Managing Broker (if any) represent the same party that the Listing Broker represents. If Selling Broker and Listing Broker are different persons affiliated with the same Firm, then both Buyer and Seller confirm their consent to Designated Broker, Branch Manager (if any), and Managing Broker (if any) representing both parties as dual agents. If Selling Broker and Listing Broker are the same person representing both parties then both Buyer and Seller confirm their consent to that person and his/her Designated Broker, Branch Manager (if any), and Managing Broker (if any) representing both parties as dual agents. All parties acknowledge receipt of the pamphlet entitled "The Law of Real Estate Agency."

u. **Commission.** Seller and Buyer shall pay a commission in accordance with any listing or commission agreement to which they are a party. The Listing Firm's commission shall be apportioned between Listing Firm and Selling Firm as specified in the listing. Seller and Buyer hereby consent to Listing Firm or Selling Firm receiving compensation from more than one party. Seller and Buyer hereby assign to Listing Firm and Selling Firm, as applicable, a portion of their funds in escrow equal to such commission(s) and irrevocably instruct the Closing Agent to disburse the commission(s) directly to the Firm(s). In any action by Listing or Selling Firm to enforce this paragraph, the prevailing party is entitled to court costs and reasonable attorneys' fees. Seller and Buyer agree that the Firms are intended third party beneficiaries under this Agreement.

v. **Cancellation Rights/Lead-Based Paint.** If a residential dwelling was built on the Property prior to 1978, and Buyer receives a Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards (NWMLS Form 22J) after mutual acceptance, Buyer may rescind this Agreement at any time up to 3 days thereafter.

w. **Information Verification Period.** Buyer shall have 10 days after mutual acceptance to verify all information provided from Seller or Listing Firm related to the Property. This contingency shall be deemed satisfied unless Buyer gives notice identifying the materially inaccurate information within 10 days of mutual acceptance. If Buyer gives timely notice under this section, then this Agreement shall terminate and the Earnest Money shall be refunded to Buyer.

x. **Property Condition Disclaimer.** Buyer and Seller agree, that except as provided in this Agreement, all representations and information regarding the Property and the transaction are solely from the Seller or Buyer, and not from any Broker. The parties acknowledge that the Brokers are not responsible for assuring that the parties perform their obligations under this Agreement and that none of the Brokers has agreed to independently investigate or confirm any matter related to this transaction except as stated in this Agreement, or in a separate writing signed by such Broker. In addition, Brokers do not guarantee the value, quality or condition of the Property and some properties may contain building materials, including siding, roofing, ceiling, insulation, electrical, and plumbing, that have been the subject of lawsuits and/or governmental inquiry because of possible defects or health hazards. Some properties may have other defects arising after construction, such as drainage, leakage, pest, rot and mold problems. Brokers do not have the expertise to identify or assess defective products, materials, or conditions. Buyer is urged to use due diligence to inspect the Property to Buyer's satisfaction and to retain inspectors qualified to identify the presence of defective materials and evaluate the condition of the Property as there may be defects that may only be revealed by careful inspection. Buyer is advised to investigate whether there is a sufficient water supply to meet Buyer's needs. Buyer is advised to investigate the cost of insurance for the Property, including, but not limited to homeowner's, flood, earthquake, landslide, and other available coverage. Buyer acknowledges that local ordinances may restrict short term rentals of the Property. Buyer and Seller acknowledge that home protection plans may be available which may provide additional protection and benefit to Buyer and Seller. Brokers may assist the parties with locating and selecting third party service providers, such as inspectors or contractors, but Brokers cannot guarantee or be responsible for the services provided by those third parties. The parties shall exercise their own judgment and due diligence regarding third-party service providers.

| Buyer's Initials | Date | Buyer's Initials | Date | Seller's Initials | Date | Seller's Initials | Date |
|---|---|---|---|---|---|---|---|
| *SSV* | 08/30/2020 | *ESN* | 08/30/2020 | *VS* | 08/31/2020 | *VS* | 08/31/2020 |

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

Form 22A  
Financing Addendum  
Rev. 7/19  
Page 1 of 3

**FINANCING ADDENDUM TO PURCHASE & SALE AGREEMENT**

©Copyright 2019  
Northwest Multiple Listing Service  
ALL RIGHTS RESERVED

The following is part of the Purchase and Sale Agreement dated __August 30, 2020__  1

between __Srinath Subramanyam Venigandla__   __Lakshmi Sindhura Nadella__ ("Buyer")  2
          Buyer                                  Buyer

and __Stelmakh__ _____ ("Seller")  3
       Seller                     Seller

concerning __2467__   __S College Street__   __Seattle__   __WA__  __98144__ (the "Property").  4
           Address                           City         State  Zip

1. **LOAN APPLICATION/WAIVER OF CONTINGENCY.** 5

   a. **Loan Application.** This Agreement is contingent on Buyer obtaining the following type of loan or loans to purchase the Property (the "Loan(s)"): ☒ Conventional First; ☐ Conventional Second; ☐ Bridge; ☐ VA; ☐ FHA; ☐ USDA; ☐ Home Equity Line of Credit; ☐ Other _____ (the "Financing Contingency"). Buyer shall pay ☐ $ _____; or ☒ __40__ % of the Purchase Price down, in addition to the Loans. Buyer shall make application for the Loans to pay the balance of the Purchase Price and pay the application fee, if required, for the subject Property within __5__ days (5 days if not filled in) after mutual acceptance of this Agreement. For the purposes of this Addendum, "application" means the submission of Buyer's financial information for the purposes of obtaining an extension of credit including Buyer's name, income, social security number (if required), the Property address, purchase price, and the loan amount.

   b. **Waiver of Financing Contingency.** If Buyer (i) fails to make application for financing for the Property within the agreed time; (ii) changes the type of loan at any time without Seller's prior written consent; or (iii) changes the lender without Seller's prior written consent after the agreed upon time to apply for financing expires, then the Financing Contingency shall be deemed waived. Buyer's waiver of the Financing Contingency under this Paragraph 1(b) also constitutes waiver of Paragraph 7 (Appraisal Less Than Sales Price). For purposes of this Addendum, "lender" means either the party to whom the application was submitted or the party funding the loan.

2. **LOAN INFORMATION.**

   a. **Seller's Request for Loan Information.** At any time __10__ days (10 days if not filled in) after mutual acceptance, Seller may give, once, a notice requesting information related to the status of Buyer's loan application ("Request for Loan Information"). NWMLS Form 22AL may be used for this notice.

   b. **Buyer's Loan Information Notice.** Within __3__ days (3 days if not filled in) of receiving Seller's Request for Loan Information, Buyer shall give notice of the status of Buyer's loan application ("Loan Information Notice"). Buyer's notice shall be on NWMLS Form 22AP and shall include the date of application, the name of lender, a list of the information that Buyer has provided to lender, and a warranty that Buyer has provided all information requested by lender.

   c. **Failure to Provide Loan Information Notice.** If Buyer fails to timely give to Seller a completed Loan Information Notice, Seller may give the Right to Terminate Notice described in Paragraph 3 (Seller's Right to Terminate) at any time after the date that the Loan Information Notice is due.

3. **SELLER'S RIGHT TO TERMINATE.**

   a. **Right to Terminate Notice.** At any time __30__ days (30 days if not filled in) after mutual acceptance, Seller may give notice that Seller may terminate the Agreement at any time 3 days after delivery of that notice (the "Right to Terminate Notice"). NWMLS Form 22AR may be used for this notice.

   b. **Termination Notice.** If Buyer has not previously waived the Financing Contingency, Seller may give notice of termination of this Agreement (the "Termination Notice") any time following 3 days after delivery of the Right to Terminate Notice. If Seller gives the Termination Notice before Buyer has waived the Financing Contingency, this Agreement is terminated and the Earnest Money shall be refunded to Buyer. NWMLS Form 22AR shall be used for this notice. If not waived, the Financing Contingency shall survive the Closing Date.

   c. **Appraisal Less Than Sales Price.** Buyer's waiver of the Financing Contingency under this Paragraph 3 ☒ will; or ☐ will not (will, if not filled in) constitute waiver of Paragraph 7 (Appraisal Less Than Sales Price).

| [SSV] 08/30/2020 | [LSN] 08/30/2020 | [VS] 08/31/2020 | [VS] 08/31/2020 |
|---|---|---|---|
| Buyer's Initials  Date | Buyer's Initials  Date | Seller's Initials  Date | Seller's Initials  Date |

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

Form 22A  
Financing Addendum  
Rev. 7/19  
Page 2 of 3

©Copyright 2019  
Northwest Multiple Listing Service  
ALL RIGHTS RESERVED

**FINANCING ADDENDUM TO PURCHASE & SALE AGREEMENT**  
*Continued*

4. **LOAN COST PROVISIONS.** Seller shall pay up to ☐ $ _____; or ☐ _____% of the Purchase Price ($0.00 if not filled in), which shall be applied to Buyer's Loan(s) and settlement costs, including prepaids, loan discount, loan fee, interest buy down, financing, closing or other costs allowed by lender. That amount shall include the following costs that lender is prohibited from collecting from Buyer: (a) up to $300.00 for Buyer's Loan(s) and settlement costs for FHA/USDA/VA loans; and (b) unless agreed otherwise below, Buyer's share of the escrow fee for a VA loan. Seller shall pay the costs for (a) and (b), even if the amount agreed upon in this Paragraph 4 is insufficient to pay for those costs. If checked, ☐ Buyer shall pay Buyer's share of the escrow fee for the VA loan (note that VA regulations prohibit Buyer from paying loan and settlement costs exceeding one percent of the amount of the loan).

5. **EARNEST MONEY.** If Buyer has not waived the Financing Contingency, and is unable to obtain financing by Closing after a good faith effort then, on Buyer's notice, this Agreement shall terminate. The Earnest Money shall be refunded to Buyer after lender confirms in writing (a) the date Buyer's loan application for the Property was made, including a copy of the loan estimate that was provided to Buyer; (b) that Buyer possessed sufficient funds to close (e.g. down payment, closing costs, etc.); and (c) the reasons Buyer was unable to obtain financing by Closing. If Seller terminates this Agreement, the Earnest Money shall be refunded without need for such confirmation.

6. **INSPECTION.** Seller shall permit inspections required by lender, including but not limited to structural, pest, heating, plumbing, roof, electrical, septic, and well inspections. Seller is not obligated to pay for such inspections unless otherwise agreed.

7. **APPRAISAL LESS THAN SALE PRICE.**
   a. **Notice of Low Appraisal.** If lender's appraised value of the Property is less than the Purchase Price, Buyer may, within 3 days after receipt of a copy of lender's appraisal, give notice of low appraisal, which shall include a copy of lender's appraisal. NWMLS Form 22AN may be used for the notices in this Paragraph 7.
   b. **Seller's Response.** Seller shall, within 10 days after Buyer's notice of low appraisal, give notice of:
      (i) A reappraisal or reconsideration of value, at Seller's expense, by the same appraiser or another appraiser acceptable to lender, in an amount not less than the Purchase Price. Buyer shall promptly seek lender's approval of such reappraisal or reconsideration of value. The parties are advised that lender may elect not to accept a reappraisal or reconsideration of value;
      (ii) Seller's consent to reduce the Purchase Price to an amount not more than the amount specified in the appraisal or reappraisal by the same appraiser, or an appraisal by another appraiser acceptable to lender, whichever is higher. (This provision is not applicable if this Agreement is conditioned on FHA, VA, or USDA financing. FHA, VA, and USDA financing does not permit the Buyer to be obligated to buy if the Seller reduces the Purchase Price to the appraised value. Buyer, however, has the option to buy at the reduced price.);
      (iii) Seller's proposal to reduce the Purchase Price to an amount more than the amount specified in the appraisal and for Buyer to pay the necessary additional funds (the amount the reduced Purchase Price exceeds the appraised value) to close the sale; or
      (iv) Seller's rejection of Buyer's notice of low appraisal.

      If Seller timely delivers notice of (i) reappraisal or reconsideration of value; or (ii) consent to reduce the Purchase Price to an amount not more than the amount specified in the appraisal (except for FHA, VA, or USDA financing), and lender accepts Seller's response, then Buyer shall be bound by Seller's response.
   c. **Buyer's Reply.**
      (i) Buyer shall have 3 days from either Seller's notice of rejection of low appraisal or, if Seller fails to respond, the day Seller's response period ends, whichever is earlier, to (a) waive the Financing Contingency; or (b) terminate the Agreement, in which event the Earnest Money shall be refunded to Buyer.
      (ii) If Seller proposes to reduce the Purchase Price to an amount more than the appraised value, Buyer shall have 3 days to (a) accept and represent that Buyer has sufficient funds to close the sale in accordance with this provision; or (b) terminate the Agreement, in which event the Earnest Money shall be refunded to Buyer.

| *SSV* 08/30/2020 | *LS.N* 08/30/2020 | *VS* 08/31/2020 | *VS* 08/31/2020 |
|---|---|---|---|
| Buyer's Initials   Date | Buyer's Initials   Date | Seller's Initials   Date | Seller's Initials   Date |

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

Form 22A  
Financing Addendum  
Rev. 7/19  
Page 3 of 3

©Copyright 2019  
Northwest Multiple Listing Service  
ALL RIGHTS RESERVED

**FINANCING ADDENDUM TO**  
**PURCHASE & SALE AGREEMENT**  
*Continued*

    (iii) If Seller consents to reduce the Purchase Price to an amount not more than the appraised value for FHA, VA, or USDA financing, Buyer shall have 3 days to (a) give notice that Buyer will buy at the reduced price; or (b) terminate the Agreement, in which event the Earnest Money shall be refunded to Buyer. 94 95 96

    Buyer's inaction during this reply period shall result in termination of the Agreement and return of the Earnest Money to Buyer. The Closing Date shall be extended as necessary to accommodate the foregoing times for notices. 97 98 99

8. **FHA/VA/USDA - Appraisal Certificate.** If this Agreement is contingent on Buyer obtaining FHA, VA, or USDA financing, notwithstanding any other provisions of this Agreement, Buyer is not obligated to complete the purchase of the Property unless Buyer has been given in accordance with HUD/FHA, VA, or USDA requirements a written statement by FHA, VA, USDA or a Direct Endorsement lender, setting forth the appraised value of the Property (excluding closing costs). Seller and Buyer shall execute a document setting forth the prior provision, or similar provision, known as the FHA, VA, or USDA amendatory clause, as required by lender. Buyer shall pay the costs of any appraisal. If the appraised value of the Property is less than the Purchase Price, Paragraph 7 above shall apply. 100 101 102 103 104 105 106 107

    **Purpose of Appraisal.** The appraised valuation is arrived at only to determine the maximum mortgage FHA, VA, or USDA will insure. FHA, VA, or USDA do not warrant the value or the condition of the Property. Buyer agrees to satisfy himself/herself that the price and condition of the Property are acceptable. 108 109 110

9. **EXTENSION OF CLOSING.** If, through no fault of Buyer, lender is required by 12 CFR 1026 to give corrected disclosures to Buyer due to (a) a change in the Annual Percentage Rate ("APR") of Buyer's Loan(s) by .125% or more for a fixed rate loan or .250% or more for an adjustable rate loan; (b) a change in the loan product; or (c) the addition of a prepayment penalty, then upon notice from Buyer, the Closing Date shall be extended for up to 4 days to accommodate the requirements of Regulation Z of the Truth in Lending Act. This paragraph shall survive Buyer's waiver of this Financing Contingency. 111 112 113 114 115 116

| [SSV] 08/30/2020 | [ES.N] 08/30/2020 | [VS] 08/31/2020 | [VS] 08/31/2020 |
|---|---|---|---|
| Buyer's Initials   Date | Buyer's Initials   Date | Seller's Initials   Date | Seller's Initials   Date |

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

Form 22D  
Optional Clauses Addendum  
Rev. 7/19  
Page 1 of 2

©Copyright 2019  
Northwest Multiple Listing Service  
ALL RIGHTS RESERVED

**OPTIONAL CLAUSES ADDENDUM TO PURCHASE & SALE AGREEMENT**

The following is part of the Purchase and Sale Agreement dated __August 30, 2020__ 1

between __Srinath Subramanyam Venigandla__   __Lakshmi Sindhura Nadella__ ("Buyer") 2
           Buyer                    Buyer

and __Stelmakh__ ("Seller") 3
    Seller          Seller

concerning __2467   S College Street__   __Seattle__   __WA   98144__ (the "Property"). 4
       Address          City       State   Zip

**CHECK IF INCLUDED:** 5

1. ☒ **Square Footage/Lot Size/Encroachments.** The Listing Broker and Selling Broker make no representations concerning: (a) the lot size or the accuracy of any information provided by the Seller; (b) the square footage of any improvements on the Property; (c) whether there are any encroachments (fences, rockeries, buildings) on the Property, or by the Property on adjacent properties. Buyer is advised to verify lot size, square footage and encroachments to Buyer's own satisfaction.

2. **Title Insurance.** The Title Insurance clause in the Agreement provides Seller is to provide the then-current ALTA form of Homeowner's Policy of Title Insurance. The parties have the option to provide less coverage by selecting a Standard Owner's Policy or more coverage by selecting an Extended Coverage Policy:

    ☐ **Standard Owner's Coverage.** Seller authorizes Buyer's lender or Closing Agent, at Seller's expense, to apply for the then-current ALTA form of Owner's Policy of Title Insurance, together with homeowner's additional protection and inflation protection endorsements, if available at no additional cost, rather than the Homeowner's Policy of Title Insurance.

    ☐ **Extended Coverage.** Seller authorizes Buyer's lender or Closing Agent, at Seller's expense to apply for an ALTA or comparable Extended Coverage Policy of Title Insurance, rather than the Homeowner's Policy of Title Insurance. Buyer shall pay the increased costs associated with the Extended Coverage Policy, including the excess premium over that charged for Homeowner's Policy of Title Insurance and the cost of any survey required by the title insurer.

3. ☒ **Seller Cleaning.** Seller shall clean the interiors of any structures and remove all trash, debris and rubbish from the Property prior to Buyer taking possession.

4. ☒ **Personal Property.** Unless otherwise agreed, Seller shall remove all personal property from the Property not later than the Possession Date. Any personal property remaining on the Property thereafter shall become the property of Buyer, and may be retained or disposed of as Buyer determines.

5. ☒ **Utilities.** To the best of Seller's knowledge, Seller represents that the Property is connected to a:  
☒ public water main; ☒ public sewer main; ☐ septic tank; ☐ well (specify type) _____;  
☐ irrigation water (specify provider) _____; ☒ natural gas; ☐ telephone;  
☐ cable; ☒ electricity; ☐ other _____.

6. ☒ **Insulation - New Construction.** If this is new construction, Federal Trade Commission Regulations require the following to be filled in. If insulation has not yet been selected, FTC regulations require Seller to furnish Buyer the information below in writing as soon as available:

    WALL INSULATION: TYPE: _____ THICKNESS: _____ R-VALUE: _____

    CEILING INSULATION: TYPE: _____ THICKNESS: _____ R-VALUE: _____

    OTHER INSULATION DATA: _____

7. ☐ **Leased Property Review Period and Assumption.** Buyer acknowledges that Seller leases the following items of personal property that are included with the sale: ☐ propane tank; ☐ security system; ☐ satellite dish and operating equipment; ☐ other _____.

| [SSV] 08/30/2020 | [LSN] 08/30/2020 | [VS] 08/31/2020 | [VS] 08/31/2020 |
|---|---|---|---|
| Buyer's Initials    Date | Buyer's Initials    Date | Seller's Initials    Date | Seller's Initials    Date |

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

Form 22D  
Optional Clauses Addendum  
Rev. 7/19  
Page 2 of 2

**OPTIONAL CLAUSES ADDENDUM TO PURCHASE & SALE AGREEMENT**  
*Continued*

©Copyright 2019  
Northwest Multiple Listing Service  
ALL RIGHTS RESERVED

Seller shall provide Buyer a copy of the lease for the selected items within _____ days (5 days if not filled in) of mutual acceptance. If Buyer, in Buyer's sole discretion, does not give notice of disapproval within _____ days (5 days if not filled in) of receipt of the lease(s) or the date that the lease(s) are due, whichever is earlier, then this lease review period shall conclusively be deemed satisfied (waived) and at Closing, Buyer shall assume the lease(s) for the selected item(s) and hold Seller harmless from and against any further obligation, liability, or claim arising from the lease(s), if the lease(s) can be assumed. If Buyer gives timely notice of disapproval, then this Agreement shall terminate and the Earnest Money shall be refunded to Buyer.

8. ☐ **Homeowners' Association Review Period.** If the Property is subject to a homeowners' association or any other association, then Seller shall, at Seller's expense, provide Buyer a copy of the following documents (if available from the Association) within _____ days (10 days if not filled in) of mutual acceptance:
   a. Association rules and regulations, including, but not limited to architectural guidelines;
   b. Association bylaws and covenants, conditions, and restrictions (CC&Rs);
   c. Association meeting minutes from the prior two (2) years;
   d. Association Board of Directors meeting minutes from the prior six (6) months; and
   e. Association financial statements from the prior two (2) years and current operating budget.

   If Buyer, in Buyer's sole discretion, does not give notice of disapproval within _____ days (5 days if not filled in) of receipt of the above documents or the date that the above documents are due, whichever is earlier, then this homeowners' association review period shall conclusively be deemed satisfied (waived). If Buyer gives timely notice of disapproval, then this Agreement shall terminate and the Earnest Money shall be refunded to Buyer.

9. ☐ **Homeowners' Association Transfer Fee.** If there is a transfer fee imposed by the homeowners' association or any other association (e.g. a "move-in" or "move-out" fee), the fee shall be paid by the party as provided for in the association documents. If the association documents do not provide which party pays the fee, the fee shall be paid by ☐ Buyer; ☐ Seller (Seller if not filled in).

10. ☐ **Excluded Item(s).** The following item(s), that would otherwise be included in the sale of the Property, is excluded from the sale ("Excluded Item(s)"). Seller shall repair any damage to the Property caused by the removal of the Excluded Item(s). Excluded Item(s): 

11. ☐ **Home Warranty.** Buyer and Seller acknowledge that home warranty plans are available which may provide additional protection and benefits to Buyer and Seller. Buyer shall order a one-year home warranty as follows:
   a. Home warranty provider: _____
   b. Seller shall pay up to $_____ ($0.00 if not filled in) of the cost for the home warranty, together with any included options, and Buyer shall pay any balance.
   c. Options to be included: _____
   _____ (none, if not filled in).
   d. Other: _____.

12. ☑ **Other.**
   Buyer agrees to assume the sewer capacity charges          [vs] 08/31/2020

   The sale of this Property is subject to Bankruptcy Court approval      [vs] 08/31/2020

   [SSV] 09/01/2020    [LSN] 09/01/2020

[SSV] 08/30/2020          [LSN] 08/30/2020          [vs] 08/31/2020          [vs] 08/31/2020
Buyer's Initials    Date   Buyer's Initials    Date   Seller's Initials   Date   Seller's Initials   Date

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

| Form 22E | | ©Copyright 2019 |
|---|---|---|
| FIRPTA Certification | **FIRPTA CERTIFICATION** | Northwest Multiple Listing Service |
| Rev. 7/19 | | ALL RIGHTS RESERVED |
| Page 1 of 1 | | |

The Foreign Investment in Real Property Tax Act ("FIRPTA"), 26 U.S.C. 1445, provides that a buyer of a U.S. real property interest must withhold tax if Seller is a foreign person, unless one of the exceptions in the Act applies. The following will inform Buyer and Closing Agent whether tax withholding is required.

Note: The above law applies to foreign corporations, partnerships, trusts, estates and other foreign entities, as well as to foreign individuals. If Seller is a corporation, partnership, trust, estate or other entity, the terms "I" and "my" as used below means the corporation or other entity. A "real property interest" includes full or part ownership of land and/or improvements thereon; leaseholds; options to acquire any of the foregoing; and an interest in foreign corporations, partnerships, trusts or other entities holding U.S. real estate.

**SELLER CERTIFICATION.** Seller hereby certifies the following:

**PROPERTY.** I am the Seller of real property ☐ at:

| 2467 | S College Street | Seattle | WA | 98144 |
|---|---|---|---|---|
| | Address | City | State | Zip |

or ☐ (if no street address) legally described on the attached.

**CITIZENSHIP STATUS.** I ☐ AM ☒ AM NOT a non-resident alien (or a foreign corporation, foreign partnership, foreign trust, foreign estate or other foreign business entity) for purposes of U.S. income taxation.

**TAXPAYER I.D. NUMBER.**
My U.S. taxpayer identification number (e.g. social security number) is _____ .
(Tax I.D. number to be provided by Seller at Closing)

**ADDRESS.**
My home address is _____
Address  City  State  Zip

Under penalties of perjury, I declare that I have examined this Certification and to the best of my knowledge and belief it is true, correct and complete. I understand that this Certification may be disclosed to the Internal Revenue Service ("IRS") and that any false statement I have made here could be punished by fine, imprisonment, or both.

*Valentin Stelmakh* 08/31/2020      *Viktoriya Stelmakh* 08/31/2020
Seller  Date      Seller  Date
08/31/2020 9:49:00 PM PDT      08/31/2020 8:09:00 PM PDT

**BUYER CERTIFICATION** (Only applicable if Seller is a non-resident alien).

If Seller is a non-resident alien, and has not obtained a release from the IRS, then Closing Agent must withhold 15% of the amount realized from the sale and pay it to the IRS, unless Buyer certifies that the selected statement below is correct:

☐ **Amount Realized ($300,000 or less) and Family Residence = No Tax.** (a) I certify that the total price that I am to pay for the property, including liabilities assumed and all other consideration to Seller, does not exceed $300,000; and (b) I certify that I or a member of my family* have definite plans to reside on the property for at least 50% of the time that the property is used by any person during each of the first two twelve month periods following the date of this sale. If Buyer certifies these statements, there is no tax.

☐ **Amount Realized (more than $300,000, but not exceeding $1,000,000) and Family Residence = 10% Tax.** (a) I certify that the total price that I am to pay for the property, including liabilities assumed and all other consideration to Seller, exceeds $300,000, but does not exceed $1,000,000; and (b) I certify that I or a member of my family* have definite plans to reside on the property for at least 50% of the time that the property is used by any person during each of the first two twelve month periods following the date of this sale. If Buyer certifies these statements, then Closing Agent must withhold 10% of the amount realized from the sale and pay it to the IRS.

  * (Defined in 11 U.S.C. 267(c)(4). It includes brothers, sisters, spouse, ancestors and lineal descendants).

Under penalties of perjury, I declare that I have examined this Certification and to the best of my knowledge and belief both statements are true, correct and complete. I understand that this Certification may be disclosed to the IRS and that any false statement I have made here could be punished by fine, imprisonment, or both.

_____  _____
Buyer  Date  Buyer  Date

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

Form 22K  
Identification of Utilities Addendum  
Rev. 7/19  
Page 1 of 1

©Copyright 2019  
Northwest Multiple Listing Service  
ALL RIGHTS RESERVED

**IDENTIFICATION OF UTILITIES  
ADDENDUM TO PURCHASE AND SALE AGREEMENT**

The following is part of the Purchase and Sale Agreement dated **August 30, 2020**

between **Srinath Subramanyam Venigandla**   **Lakshmi Sindhura Nadella** ("Buyer")
   Buyer                                          Buyer

and **Stelmakh** ("Seller")
   Seller                                         Seller

concerning **2467   S College Street**   **Seattle**   **WA**   **98144** (the "Property').
   Address                                 City       State   Zip

Pursuant to RCW 60.80, Buyer and Seller request the Closing Agent to administer the disbursement of closing funds necessary to satisfy unpaid utility charges, if any, affecting the Property. The names and addresses of all utilities providing service to the Property and having lien rights are as follows:

**WATER DISTRICT:**
- Name / e-mail or website (optional)
- Address
- City, State, Zip / Fax. No. (optional)

**SEWER DISTRICT:**
- Name / e-mail or website (optional)
- Address
- City, State, Zip / Fax. No. (optional)

**IRRIGATION DISTRICT:**
- Name / e-mail or website (optional)
- Address
- City, State, Zip / Fax. No. (optional)

**GARBAGE:**
- Name / e-mail or website (optional)
- Address
- City, State, Zip / Fax. No. (optional)

**ELECTRICITY:**
- Name / e-mail or website (optional)
- Address
- City, State, Zip / Fax. No. (optional)

**GAS:**
- Name / e-mail or website (optional)
- Address
- City, State, Zip / Fax. No. (optional)

**SPECIAL DISTRICT(S):**  
(local improvement districts or utility local improvement districts)
- Name / e-mail or website (optional)
- Address
- City, State, Zip / Fax. No. (optional)

If the above information has not been filled in at the time of mutual acceptance of this Agreement, then (1) within **5** days (5 if not filled in) of mutual acceptance of this Agreement, Seller shall provide the Listing Broker or Selling Broker with the names and addresses of all utility providers having lien rights affecting the Property and (2) Buyer and Seller authorize Listing Broker or Selling Broker to insert into this Addendum the names and addresses of the utility providers identified by Seller.

Nothing in this Addendum shall be construed to diminish or alter the Seller's obligation to pay all utility charges (including unbilled charges). Buyer understands that the Listing Broker and Selling Broker are not responsible for, or to insure payment of, Seller's utility charges.

| Buyer's Initials | Date | Buyer's Initials | Date | Seller's Initials | Date | Seller's Initials | Date |
|---|---|---|---|---|---|---|---|
| *SSV* | 08/30/2020 | *LSN* | 08/30/2020 | *VS* | 08/31/2020 | *VS* | 08/31/2020 |

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

Form 22T  
Title Contingency Addendum  
Rev. 7/15  
Page 1 of 1

©Copyright 2015  
Northwest Multiple Listing Service  
ALL RIGHTS RESERVED

# TITLE CONTINGENCY ADDENDUM TO PURCHASE & SALE AGREEMENT

The following is part of the Purchase and Sale Agreement dated __August 30, 2020__ 1

between __Srinath Subramanyam Venigandla__     __Lakshmi Sindhura Nadella__ ("Buyer") 2
         Buyer                 Buyer

and __Stelmakh__ ("Seller") 3
   Seller                 Seller

concerning __2467    S College Street__     __Seattle__     __WA  98144__ (the "Property"). 4
         Address           City          State  Zip

1. **Title Contingency.** This Agreement is subject to Buyer's review of a preliminary commitment for title insurance, 5 together with any easements, covenants, conditions and restrictions of record. Buyer shall have __5__ 6 days (5 days if not filled in) from ☑ the date of Buyer's receipt of the preliminary commitment for title insurance; 7 or ☐ mutual acceptance (from the date of Buyer's receipt, if neither box checked) to give notice of Buyer's 8 disapproval of exceptions contained in the preliminary commitment. 9

   Seller shall have __5__ days (5 days if not filled in) after Buyer's notice of disapproval to give Buyer 10 notice that Seller will clear all disapproved exceptions. Seller shall have until the Closing Date to clear all 11 disapproved exceptions. 12

   If Seller does not give timely notice that Seller will clear all disapproved exceptions, Buyer may terminate this 13 Agreement within 3 days after the deadline for Seller's notice. In the event Buyer elects to terminate the 14 Agreement, the Earnest Money shall be returned to Buyer. If Buyer does not timely terminate the Agreement, 15 Buyer shall be deemed to have waived all objections to title, which Seller did not agree to clear. 16

2. **Supplemental Title Reports.** If supplemental title reports disclose new exception(s) to the title commitment, 17 then the above time periods and procedures for notice, correction, and termination for those new exceptions 18 shall apply to the date of Buyer's receipt of the supplemental title report. The Closing date shall be extended as 19 necessary to accommodate the foregoing times for notices. 20

3. **Marketable Title.** This Addendum does not relieve Seller of the obligation to provide marketable title at Closing 21 as provided for in the Agreement. 22

| [SSV] 08/30/2020 | [LSN] 08/30/2020 | [VS] 08/31/2020 | [VS] 08/31/2020 |
|---|---|---|---|
| Buyer's Initials   Date | Buyer's Initials   Date | Seller's Initials   Date | Seller's Initials   Date |

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

Form 35  
Inspection Addendum  
Rev. 7/19  
Page 1 of 2  
©Copyright 2019  
Northwest Multiple Listing Service  
ALL RIGHTS RESERVED

**INSPECTION ADDENDUM TO PURCHASE AND SALE AGREEMENT**

The following is part of the Purchase and Sale Agreement dated __August 30, 2020__ 1

between __Srinath Subramanyam Venigandla__  __Lakshmi Sindhura Nadella__ ("Buyer") 2
        Buyer         Buyer

and __Stelmakh__ ("Seller") 3
   Seller    Seller

concerning __2467__    __S College Street__    __Seattle__    __WA__   __98144__ (the "Property"). 4
       Address        City    State   Zip

1. ☒ a. **INSPECTION CONTINGENCY.** This Agreement is conditioned on Buyer's subjective satisfaction with 5
inspections of the Property and the improvements on the Property. Buyer's inspections may include, at 6
Buyer's option and without limitation, the structural, mechanical and general condition of the 7
improvements to the Property, compliance with building and zoning codes, an inspection of the Property 8
for hazardous materials, a pest inspection, and a soils/stability inspection. The inspection must be 9
performed by Buyer or a person licensed (or exempt from licensing) under Chapter 18.280 RCW. 10

    **Sewer Inspection.** Buyer's inspection of the Property ☒ may; ☐ may not (may, if not checked) include 11
an inspection of the sewer system, which may include a sewer line video inspection and assessment and 12
may require the inspector to remove toilets or other fixtures to access the sewer line. 13

    **Buyer's Obligations.** All inspections are to be (a) ordered by Buyer, (b) performed by inspectors of 14
Buyer's choice, and (c) completed at Buyer's expense. Buyer shall not alter the Property or any 15
improvements on the Property without first obtaining Seller's permission. Buyer is solely responsible for 16
interviewing and selecting all inspectors. Buyer shall restore the Property and all improvements on the 17
Property to the same condition they were in prior to the inspection. Buyer shall be responsible for all 18
damages resulting from any inspection of the Property performed on Buyer's behalf. 19

    **BUYER'S NOTICE.** This inspection contingency SHALL CONCLUSIVELY BE DEEMED WAIVED unless 20
within __5__ ~~10~~ days (10 days if not filled in) after mutual acceptance of this Agreement (the "Initial 21
Inspection Period"), Buyer gives notice (1) approving the inspection and waiving this contingency; (2) 22
disapproving the inspection and terminating the Agreement; (3) that Buyer will conduct additional 23
inspections; or (4) proposing repairs to the property or modifications to the Agreement. If Buyer disapproves 24
the inspection and terminates the Agreement, the Earnest Money shall be refunded to Buyer. If Buyer 25
proposes repairs to the property or modifications to the Agreement, including adjustments to the purchase 26
price or credits for repairs to be performed after Closing, the parties shall negotiate as set forth in paragraph 27
1.c, below. The parties may use NWMLS Form 35R to give notices required by this Addendum. 28

    **ATTENTION BUYER:** If Buyer fails to give timely notice, then this inspection contingency shall be 29
deemed waived and Seller shall not be obligated to make any repairs or modifications. Buyer shall not 30
provide the inspection report, or portions of the report, to Seller, unless Seller requests otherwise or as 31
required by paragraph 1.b. 32

  b. **Additional Inspections.** If an inspector so recommends, Buyer may obtain further evaluation of any item 33
by a specialist at Buyer's option and expense if, on or before the end of the Initial Inspection Period, 34
Buyer provides Seller a copy of the inspector's recommendation and notice that Buyer will seek additional 35
inspections. If Buyer gives timely notice of additional inspections, Buyer shall have __5__ (5 days if 36
not filled in) after giving the notice to obtain the additional inspection(s) by a specialist. 37

  c. **Buyer's Requests for Repairs or Modifications.** If Buyer requests repairs or modifications under 38
paragraph 1.a. or 1.b., the parties shall negotiate as set forth in this paragraph. Buyer's initial request and 39
Seller's response made in accordance with the following procedures are irrevocable for the time period 40
provided. 41

    (i) **Seller's Response to Request for Repairs or Modifications.** Seller shall have __3__ days (3 42
days if not filled in) after receipt of Buyer's request for repairs or modifications to give notice that Seller 43
(a) agrees to the repairs or modifications proposed by Buyer; (b) agrees to some of the repairs or 44
modifications proposed by Buyer; (c) rejects all repairs or modifications proposed by Buyer; or (d) 45
offers different or additional repairs or modifications. If Seller agrees to the terms of Buyer's request for 46
repairs or modifications, this contingency shall be satisfied and Buyer's Reply shall not be necessary. If 47

| [SSV] 08/30/2020 | [LSN] 08/30/2020 | [VS] 08/31/2020 | [VS] 08/31/2020 |
|---|---|---|---|
| Buyer's Initials   Date | Buyer's Initials   Date | Seller's Initials   Date | Seller's Initials   Date |

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

Form 35  
Inspection Addendum  
Rev. 7/19  
Page 2 of 2

©Copyright 2019  
Northwest Multiple Listing Service  
ALL RIGHTS RESERVED

**INSPECTION ADDENDUM TO PURCHASE AND SALE AGREEMENT**  
*Continued*

Seller does not agree to all of Buyer's repairs or modifications, Buyer shall have an opportunity to reply, as follows:

    **(ii) Buyer's Reply.** If Seller does not agree to all of the repairs or modifications proposed by Buyer, Buyer shall have __3__ days (3 days if not filled in) from either the day Buyer receives Seller's response or, if Seller fails to timely respond, the day Seller's response period ends, whichever is earlier, to (a) accept the Seller's response at which time this contingency shall be satisfied; (b) agree with the Seller on other remedies; or (c) disapprove the inspection and terminate the Agreement, in which event, the Earnest Money shall be refunded to Buyer.

    **ATTENTION BUYER:** These time periods for negotiating repairs or modifications shall not repeat. The parties must either reach a written agreement or Buyer must terminate this Agreement by the Buyer's Reply deadline set forth in paragraph 1.c.ii. Buyer's inaction during Buyer's reply period shall result in waiver of this inspection condition, in which case Seller shall not be obligated to make any repairs or modifications whatsoever AND THIS CONTINGENCY SHALL BE DEEMED WAIVED.

  **d. Repairs.** If Seller agrees to make the repairs proposed by Buyer, then repairs shall be accomplished at Seller's expense in a commercially reasonable manner and in accordance with all applicable laws no fewer than __3__ days (3 days if not filled in) prior to the Closing Date. In the case of hazardous materials, "repair" means removal or treatment (including but not limited to removal or, at Seller's option, decommissioning of any oil storage tanks) of the hazardous material at Seller's expense as recommended by and under the direction of a professional selected by Seller. Seller's repairs are subject to re-inspection and approval, prior to Closing, by the inspector who recommended the repair, if Buyer elects to order and pay for such re-inspection. If Buyer agrees to pay for any repairs prior to Closing, the parties are advised to seek the counsel of an attorney to review the terms of that agreement.

  **e. Oil Storage Tanks.** Any inspection regarding oil storage tanks or contamination from such tanks shall be limited solely to determining the presence or non-presence of oil storage tanks on the Property, unless otherwise agreed in writing by Buyer and Seller.

  **f. On-site Sewage Disposal Systems Advisory:** Buyer is advised that on-site sewage disposal systems, including "septic systems," are subject to strict governmental regulation and occasional malfunction and even failure. Buyer is advised to consider conducting an inspection of any on-site sewage system in addition to the inspection of the Property provided by this Form 35 by including an appropriate on-site sewage disposal inspection contingency such as NWMLS Form 22S (Septic Addendum).

2. ☐ **NEIGHBORHOOD REVIEW CONTINGENCY:** Buyer's inspection includes Buyer's subjective satisfaction that the conditions of the neighborhood in which the Property is located are consistent with the Buyer's intended use of the Property (the "Neighborhood Review"). The Neighborhood Review may include Buyer's investigation of the schools, proximity to bus lines, availability of shopping, traffic patterns, noise, parking and investigation of other neighborhood, environmental and safety conditions the Buyer may determine to be relevant in deciding to purchase the Property. If Buyer does not give notice of disapproval of the Neighborhood Review within _____ (3 days if not filled in) of mutual acceptance of the Agreement, then this Neighborhood Review condition shall conclusively be deemed satisfied (waived). If Buyer gives a timely notice of disapproval, then this Agreement shall terminate and the Earnest Money shall be refunded to Buyer.

3. ☐ **PREINSPECTION CONDUCTED.** Buyer, prior to mutual acceptance of this Agreement, conducted a building, hazardous substances, building and zoning code, pest or soils/stability inspection of the Property, and closing of this Agreement is not conditioned on the results of such inspections. Buyer elects to buy the Property in its present condition and acknowledges that the decision to purchase the property was based on Buyer's prior inspection and that Buyer has not relied on representations by Seller, Listing Broker or Selling Broker.

4. ☐ **WAIVER OF INSPECTION.** Buyer has been advised to obtain a building, hazardous substances, building and zoning code, pest or soils/stability inspection, and to condition the closing of this Agreement on the results of such inspections, but Buyer elects to waive the right and buy the Property in its present condition. Buyer acknowledges that the decision to waive Buyer's inspection options was based on Buyer's personal inspection and Buyer has not relied on representations by Seller, Listing Broker or Selling Broker.

| [SSV] 08/30/2020 | [PSN] 08/30/2020 | [VS] 08/31/2020 | [VS] 08/31/2020 |
|---|---|---|---|
| Buyer's Initials    Date | Buyer's Initials    Date | Seller's Initials    Date | Seller's Initials    Date |

Authentisign ID: E59288D5-620B-497D-B985-71624EEE7360

[SSV] 08/30/2020  [LSN] 08/30/2020



| | ISSUED BY |
|---|---|
| **First American**<br>Exhibit A | **First American Title Insurance Company**<br>File No: 4209-3501108 |

File No.: 4209-3501108

[VS] 08/31/2020  [VS] 08/31/2020

V.S. INVESTMENTS ASSOC. LLC, A WASHINGTON LIMITED LIABILITY COMPANY

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF KING, STATE OF WA, AND IS DESCRIBED AS FOLLOWS:

PARCEL A:

PARCEL C OF CITY OF SEATTLE SHORT SUBDIVISION NO. 3026706-LU, RECORDED JUNE 27, 2019 UNDER RECORDING NUMBER 20190627900001, RECORDS OF KING COUNTY, WASHINGTON.

PARCEL B:

A NON EXCLUSIVE EASEMENT FOR INGRESS, EGRESS AND PEDESTRIAN ACCESS AS DELINEATED ON CITY OF SEATTLE SHORT SUBDIVISION NO. 3026706-LU, RECORDED JUNE 27, 2019 UNDER RECORDING NUMBER 20190627900001, RECORDS OF KING COUNTY, WASHINGTON.

159460009206

2467 South College Street
Seattle, Washington 98144

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by First American Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I-Requirements; Schedule B, Part II-Exceptions.*

Copyright 2006-2016 American Land Title Association. All rights reserved.

The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

| Form 50003700WA (8-23-18) | Page 13 of 13 | | ALTA Commitment for Title Insurance (8-1-16)<br>Washington |
|---|---|---|---|